MERRILL LYNCH MORTGAGE
CAPITAL, Appellee

v.

Rufus STEELE and Yvette
Steele, Appellees

and

Judith Gregory, Appellant

and

Fairbanks Capital Corporation and
REO Properties Management,
L.L.C., Appellees.

No. 1987 EDA 2003.

Superior Court of Pennsylvania.

Submitted Nov. 3, 2003.

Filed Sept. 3, 2004.

Reargument Denied Nov. 5, 2004.

James V. Fareri, Stroudsburg, for appellant.

Michele M. Bradford, Philadelphia, for Merrill Lynch and Fairbanks, appellees.

Steven D. Gladstone, Mount Pocono, for REO, appellee.

Rufus and Yvette Steele, appellees, pro se.

Before: TODD and BOWES, JJ. and McEWEN, P.J.E.

BOWES, J.

¶ 1 Judith Gregory appeals the May 12, 2003 order refusing to set aside a sheriff's sale. We conclude that the trial court abused its discretion in failing to allow Appellant to set aside the sheriff's sale. We reverse and direct the trial court to invalidate the sale of the subject property to REO Properties Management, L.L.C. ("REO"), Appellee.

¶ 2 On December 27, 2001, Merrill Lynch Mortgage Capital Corporation ("Merrill Lynch") instituted this mortgage foreclosure action against Rufus and Yvette Steele after they defaulted on a mortgage on property located at 8257 Natures Drive, Tobyhanna, Monroe County. The Steeles failed to respond to the complaint, and default judgment was entered against them. On October 31, 2002, after notice to the Steeles, the property was sold at a sheriff's sale to REO.

¶ 3 The day prior to the sale, Appellant, Judith Gregory, purchased the property from the Steeles. The deed to Appellant was recorded on October 31, 2002, several hours after the sheriff's sale. On November 8, 2002, **before** the sheriff's deed to REO was issued, Appellant filed a timely petition to set aside the sheriff's sale.

¶ 4 REO moved for summary judgment, alleging that Appellant did not have standing to bring the suit and that her petition should be denied because REO was a *bona fide* innocent purchaser for value. The trial court agreed with both of these contentions and granted REO's motion for summary judgment. This appeal followed.

¶ 5 We first address the trial court's conclusion that Appellant lacked standing to file a petition to set aside the sheriff's sale. It is black letter law that "as a general policy ... 'a party seeking judicial resolution of a controversy in this Commonwealth must, as a prerequisite, es-

tablish that he has standing to maintain the action.'" *In re Hickson,* 573 Pa. 127, 821 A.2d 1238, 1243 (2003) (quoting *Bergdoll v. Kane,* 557 Pa. 72, 83–84, 731 A.2d 1261, 1268 (1999)). A party has standing if he is aggrieved, *i.e.,* he can show a substantial, direct, and immediate interest in the outcome of the litigation. *Id.* Similarly, to set aside a sheriff's sale, one must be a "party in interest." Pa.R.C.P. 3132.

¶ 6 In the present case, it is uncontested that Appellant was the record owner of the property at the time she petitioned to set aside the sheriff's sale. She had paid for the property, and the deed to her was recorded on October 31, 2002. She filed the petition on November 7, 2002, after the deed was recorded. In contrast, as of that date, REO had not yet received a sheriff's deed. As record owner of the property, Appellant obviously has a real, substantial, and direct interest in avoiding the transfer of the property to REO. *Cf. Union National Bank of Reading v. DeLong Furniture Corp.,* 344 Pa. 583, 26 A.2d 440 (1942) (party in negotiation to purchase property, but who had not yet obtained an agreement of sale at time of sheriff's sale, was not party in interest who could challenge sale).

¶ 7 We reject the suggestion that only the Steeles could challenge the sale because they were the record owners of the property at the time of the sale. That position is contrary to the express language of Rule 3132, which provides that **any** party in interest may challenge a sheriff's sale. Since the record establishes that Appellant had a real, substantial, and direct interest in ensuring that her property was not deeded by the sheriff to a third party, we reverse the trial court's opinion that she lacked standing to file a petition to set aside the sheriff's sale.

¶ 8 We next address the trial court's conclusion that Appellant failed to set forth sufficient reasons to set aside the sale. We hold that the petition to set aside the sheriff's sale delineated sufficient grounds to merit relief. Pa.R.C.P. 3132 provides:

Upon petition of any party in interest before delivery of the personal property or of the sheriff's deed to real property, the court may, upon proper cause shown, set aside the sale and order a resale or enter any other order which may be just and proper under the circumstances.

¶ 9 The petition to set aside the sheriff's sale alleged the following. Appellant purchased the property from the Steeles for $57,500. While the agreement of sale was executed in February 2002, the sale was postponed on several occasions, and ultimately took place in October 2002. Appellant used a mortgage broker, Wald Financial Services, Inc. ("Wald"), to consummate the purchase, and Wald, in turn, contacted Fairbanks Capital Corporation ("Fairbanks") to obtain a pay-off figure. Appellant also alleged:

14. Petitioner believes, and therefore avers, that the existing mortgage held by Fairbanks Capital Corporation was assigned by and originated with Merrill Lynch Mortgage Capital.

15. At all times material hereto, Fairbanks Capital Corporation never advised Wald Financial Services, Inc., that a Writ of Execution had been issued in the mortgage foreclosure action commenced against Steele, and that sale was scheduled for October 31, 2002, the day after closing on the property.

16. Rufus Steele and Yvette Steele were also aware of the issuance of the Writ of Execution in the mortgage foreclosure action, and the scheduling of a Sheriff's sale for October 31, 2002, but

never advised Petitioner or Petitioner's counsel of the same.

17. On October 31, 2002, a Federal Express package was sent to the Loan Servicing Center of Fairbanks Capital Corporation containing a payoff of the Fairbanks Mortgage in the amount of Thirty–Seven Thousand Two Hundred Ninety Two Dollars and 65/100 ($32,-292.65).

. . . .

21. At all times material hereto, Respondent, mortgagee Fairbanks Corporation, never advised Wald Financial Services that the property was scheduled for Sheriff's sale on October 31, 2002, notwithstanding that Fairbanks Capital knew that Wald Financial Services was representing and working on behalf of the purchaser of the property, Petitioner, who intended to take title from Steele and pay off the Fairbanks Capital Corporation Mortgage lien.

22. At all times material hereto, Steele never advised Petitioner or counsel that the property was listed for Sheriff's sale, although Steele received notice of said sale according to the records of the Monroe County Sheriff.

. . . .

24. Notwithstanding the postponement of closing, Fairbanks Capital Corporation never advised Wald Financial, Petitioner or her counsel, that Fairbanks had a Sheriff's sale of the property scheduled and intended to proceed with the sale, notwithstanding that payoff information was being obtained for an imminent closing on the property.

25. Specifically, a representative of Wald Financial spoke to a representative of Respondent Fairbanks Capital Corporation, Chris Jackson, on October 28, 2002, two days prior to the closing to confirm the payoff of the existing mortgage.

26. At no time during said October 28, 2002, conversation did Mr. Jackson of Fairbanks Capital Corporation mention or advise Wald Financial of the impending October 31, 2002, Sheriff's execution sale.

. . . .

29. The failure of Steele and Fairbanks Capital Corporation to advise Petitioner, or her agents, of the imminent Sheriff's sale scheduled for October 31, 2002, constitute fraud or mistake justifying the setting aside of the sale.

Petition to set aside Sheriff's Execution Sale, 11/8/02, at 4–7. Appellant filed an affidavit in support of the allegations regarding Fairbanks's actions in connection with the closing, and REO did not dispute them.

■ ¶ 10 Thus, the record reveals that Fairbanks serviced the mortgage loan and that Merrill Lynch held the mortgage at the time this action was instituted. The relevant inquiry, as expressly set forth by Pa.R.C.P. 3132, is whether proper cause has been shown to set aside the sheriff's sale. The decision to set aside a sheriff's sale is within the sound discretion of the trial court, and the court's decision will not be reversed on appeal unless there is a clear abuse of such discretion. *S & T Bank by Dalessio v. Dalessio*, 429 Pa.Super. 282, 632 A.2d 566 (1993).

■ ¶ 11 In this case, the trial court concluded that since REO was a *bona fide* purchaser for value, the sheriff's sale should not be set aside. This conclusion is erroneous. First, the trial court did not employ the proper test. The relevant inquiry is whether "proper cause" was shown to set aside the sale. Second, under the circumstances presented herein, we cannot agree with the characterization of REO as a *bona fide* innocent purchaser for value.

¶ 12 REO purchased the property at the sheriff's sale, and it was imputed with knowledge of the provisions of Pa.R.C.P. 3132. REO therefore purchased the property subject to the risk that if, within ten days following purchase, a petition was filed to set aside, and if that petition demonstrated any proper reason, the sale would be set aside. In this case, the sheriff's deed was not yet issued to REO, and the petition was filed in a timely fashion. Once the sale is set aside, REO will be able to recoup its purchase price. Indeed, under the trial court's reasoning, relief never would be available under Rule 3132 because once a sheriff's sale has occurred, the property has been purchased for value.

¶ 13 Moreover, the trial court completely ignored the fact that between these two purchasers, Appellant was a *bona fide* innocent purchaser for value. Appellant proceeded to closing without any knowledge of the pending sheriff's sale, dealt in good faith with the party who had instituted the proceedings resulting in the sheriff's sale, was never told about the impending sale by those with whom she was dealing, and will not be able to recoup the monies she paid at closing. Whereas REO knew its title to the property was subject to challenge, in accordance with Pa.R.C.P. 3132, Appellant did not.

¶ 14 We reject REO's position that both it and Appellant are innocent purchasers for value and that between the two parties, Appellant should bear the risk because her deed was not recorded until several hours after the sheriff's sale. REO purchased the property at a sheriff's sale, with knowledge that it could be set aside within ten days for any good reason. In contrast Appellant knew nothing about the sheriff's sale proceedings and completed her transaction with the requisite diligence. Hence, between the two purchasers, REO has the inferior claim. *See Janus Management Services, Inc. v. Schlessinger*, 810 A.2d 637 (Pa.Super.2002).

The purpose of a sheriff's sale in mortgage foreclosure proceedings is to realize out of the land, the debt, interest, and costs which are due, or have accrued to, the judgment creditor. *Kaib v. Smith*, 454 Pa.Super. 67, 684 A.2d 630 (1996). A sale may be set aside upon petition of an interested party where "upon proper cause shown" the court deems it "just and proper under the circumstances." Pa.R.C.P. 3132. The burden of proving circumstances warranting the exercise of the court's equitable powers is on the petitioner. *Bornman v. Gordon*, 363 Pa.Super. 607, 527 A.2d 109, 111 (1987).

*Blue Ball National Bank v. Balmer*, 810 A.2d 164, 166–67 (Pa.Super.2002).

¶ 15 The equities herein clearly warranted the grant of relief to Appellant. In this case, the judgment creditor received the money that it was owed when the mortgage pay-off proceeds were sent by Appellant to the mortgage creditor **before** the sheriff's sale. Thus, the very purpose for the occurrence of the sale, the need to satisfy the judgment creditor, was not present when the property was sold at the sheriff's sale.

¶ 16 The equities involved, including the lack of prejudice to REO, REO's knowledge that it took the property subject to the provisions of Rule 3132, the conduct of the mortgage creditor, and Appellant's status as an innocent purchaser for value, warrant setting aside the sale.

¶ 17 On appeal, REO supports the trial court's decision by arguing that the recording statute, 31 P.S. § 351,[1] bars Appellant's claim. This argument is misguided.

---

1. That statute provides:

All deeds, conveyances, contracts, and

That statute provides that unrecorded deeds are ineffective to convey property in certain circumstances. Meanwhile, Appellant's deed was recorded several hours after the sale but before any sheriff's deed to REO even was issued, much less recorded. A sheriff's deed is not issued until the period for setting aside the sale is expired. *See* Pa.R.C.P. 3135(a).[2]

¶ 18 Order reversed. The sheriff's sale to REO Properties, LLC, is directed to be set aside. Case remanded. Jurisdiction relinquished.

other instruments of writing wherein it shall be the intention of the parties executing the same to grant, bargain, sell, and convey any lands, tenements, or hereditaments situate in this Commonwealth, upon being acknowledged by the parties executing the same or proved in the manner provided by the laws of this Commonwealth, shall be recorded in the office for the recording of deeds in the county where such lands, tenements, and hereditaments are situate. Every such deed, conveyance, contract, or other instrument of writing which shall not be acknowledged or proved and recorded, as aforesaid, shall be adjudged fraudulent and void as to any subsequent bona fide purchaser or mortgagee or holder of any judgment, duly entered in the prothonotary's office of the county in which the lands, tenements, or hereditaments are situate, without actual or constructive notice unless such deed, conveyance, contract, or instrument of writing shall be recorded, as aforesaid, before the recording of the deed or conveyance or the entry of the judgment under which such subsequent purchaser, mortgagee, or judgment creditor shall claim. Nothing contained in this act shall be construed to repeal or modify any law providing for the lien of purchase money mortgages.

2. Pa.R.C.P. 3135(a)(emphasis added) states:

When real property is sold in execution **and no petition to set aside the sale has been filed**, the sheriff, at the expiration of ten days after the filing of the schedule of distribution, shall execute and acknowledge before the prothonotary a deed to the property sold. The sheriff shall forthwith deliver the deed to the appropriate officers for recoding and for registry if required.