J-A22008-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| WELLS FARGO BANK, N.A., AS TRUSTEE FOR NMST 2004-1 | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARK DAVID FRANKEL | |
| Appellant | No. 1912 MDA 2013 |

Appeal from the Order October 22, 2013
In the Court of Common Pleas of York County
Civil Division at No(s): 2006 SU 2165 Y06

BEFORE:  PANELLA, J., SHOGAN, J., and FITZGERALD, J.[*]

MEMORANDUM BY PANELLA, J.                **FILED FEBRUARY 25, 2015**

Appellant, Mark David Frankel, appeals from the order entered by the Honorable Stephen P. Linebaugh, Court of Common Pleas of York County, that denied Frankel's petition to set aside a sheriff's sale and stay proceedings.  Frankel has also filed a motion with this Court to strike a footnote in Appellee, Wells Fargo Bank's ("the Bank") appellate brief.  After careful review, we grant the motion to strike,[1] and affirm the order denying Frankel's petition to set aside sheriff's sale.

---

[*] Former Justice specially assigned to the Superior Court.
[1] Footnote 1 of Appellee's Brief is stricken in its entirety, as it contains matter irrelevant to the appeal before us.

The Bank initiated foreclosure proceedings on Frankel's property in 2006. In 2007, the trial court granted summary judgment to the bank and entered an *in rem* judgment against Frankel in the amount of $582,953.86. Frankel did not appeal from this judgment.

From this point until the property was sold at sheriff's sale in October of 2013, the parties engaged in negotiations to pay off the arrears and possibly reinstate the mortgage. However, as of October 7, 2013, there was no written agreement in place, and the property proceeded to sheriff's sale.

On October 16, 2013, Frankel filed his petition to set aside the sheriff's sale. According to Frankel, he "[a]t all times … represented to the lower court that his sole ambition was to determine how his $100,000 payment had been applied so that he [could] seek money from relatives and friends in order to pay off the mortgage or bring it current and keep his home." Appellant's Brief, at 6. The trial court denied Frankel's petition, and this timely appeal followed.

On appeal, Frankel argues that the trial court erred in concluding that he needed to prove fraud in order to have the sheriff's sale set aside. We review the denial of a petition to set aside a sheriff's sale for an abuse of discretion. *See Irwin Union National Bank and Trust Co. v. Famous*, 4 A.3d 1099, 1102 (Pa. Super. 2010). "[T]he relevant inquiry is whether proper cause has been shown to set aside the sheriff's sale." *Id*. (citation omitted). The burden of establishing proper cause lies with the petitioner.

*See id*. "Sheriff's sales have been set aside where the validity of the sale proceedings is challenged, a deficiency pertaining to the notice of the sale exists, or where misconduct occurs in the bidding process." *Id.* (citation omitted). Furthermore, sheriff's sales have been successfully set aside where a third-party purchaser, unaware of the pending sale, satisfied the *in rem* judgment prior to the sheriff's sale. *See Merrill Lynch Mortgage Capital v. Steele*, 859 A.2d 788, 792 (Pa. Super. 2004).

While Frankel is correct in his assertion that he was not required to prove fraud to set aside the sheriff's sale, we find no error or abuse of discretion in the trial court's reasoning. As the trial court aptly notes, Frankel does not clearly or explicitly identify exactly what it is that he contends constituted proper cause to set aside this sheriff's sale. Frankel does not argue that the judgment is invalid, or that he had no notice of the sale proceedings. Nor does he raise any other issue with the sale proceedings. He does not allege that he had satisfied the judgment prior to the sale.

To the contrary, Frankel offers vague arguments regarding possible oral agreements to postpone the sale in exchange for payments from Frankel or other unspecified legal requirements. We cannot fault the trial court for its attempt to fit Frankel's nebulous arguments into an actual, concrete cause of action. By doing so, the trial court gave Frankel significant leeway to identify proper cause to set aside the sheriff's sale. However, as

the trial court notes on appeal, none of Frankel's arguments or allegations constitute proper cause to set aside a sheriff's sale. As such, the trial court did not abuse its discretion in denying Frankel's petition.

Order affirmed. Motion to strike portion of Appellee's Brief is granted. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/25/2015