J-A13009-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DIANE M. MCCLELLAND | |
| Appellant | No. 1806 WDA 2013 |

Appeal from the Judgment of Sentence June 21, 2013
In the Court of Common Pleas of Washington County
Criminal Division at No(s): CP-63-CR-0002056-2011

BEFORE:  PANELLA, J., SHOGAN, J., and OTT, J.

MEMORANDUM BY PANELLA, J.                    **FILED AUGUST 14, 2015**

Appellant, Diane M. McClelland, appeals from the judgment of sentence entered June 21, 2013, in the Court of Common Pleas of Washington County.  We affirm.

On March 1, 2013, a jury convicted McClelland of Dealing in Proceeds of Unlawful Activity,[1] Receiving Stolen Property,[2] Hindering Apprehension or Prosecution – False Information to Law Enforcement,[3] and Criminal Conspiracy to Commit Criminal Homicide, Dealing in Proceeds of Unlawful Activity, Burglary, and Theft by Unlawful Taking.[4]  On June 6, 2013, the trial court sentenced McClelland to an aggregate term of 29½ to 49 years'

_____

[1] 18 Pa.C.S.A. § 5111(a)(1).
[2] 18 Pa.C.S.A. § 3925(a).
[3] 18 Pa.C.S.A. § 5105(a)(5).
[4] 18 Pa.C.S.A. § 903(c).

imprisonment. Thereafter, McClelland filed timely post-sentence motions, which the trial court denied.[5] This timely appeal followed.

Pennsylvania Rule of Appellate Procedure 2101 dictates that appellate briefs must conform, in all material respects, to the requirements of the Rules of Appellate Procedure. The rule also states that "if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed." *Id*.

Here, McClelland's counseled brief fails to conform to even the *basic* requirements of appellate advocacy. The brief does not provide *any* statement of facts or otherwise detail the circumstances surrounding her numerous convictions, thus rendering impossible our review of her claims, many of which challenge the sufficiency and weight of the evidence. *See* Pa.R.A.P. 2117(a) (statement of case shall contain condensed chronological statement of facts necessary for review). Where necessary, McClelland does not specify the statement of place of the raising or preservation of any issues on appeal. *See* Pa.R.A.P. 2117(c). Although McClelland raises 14 issues for our review, she fails to present each issue individually in the argument section of her brief, but rather haphazardly addresses numerous claims simultaneously. *See* Pa.R.A.P. 2119(a) (argument shall be divided

_____

[5] Prior to the disposition of McClelland's post-sentence motions, trial counsel petitioned to withdraw his representation, which the trial court permitted. McClelland's current counsel was appointed thereafter.

into as many parts as there are questions to be argued). The limited argument McClelland presents in support of her claims consists mainly of a repetitious standard of review, followed by a cursory discussion of the claim presented with little to no citation to the record and no discussion or application of relevant legal authority. *See* Pa.R.A.P. 2119(b)-(c) (regarding citation to authorities and reference to the record). These defects are substantial.

To address the issues raised on appeal, *we* would have to comb through the record and develop the arguments, requiring *us* to essentially act as McClelland's counsel. This is simply not our responsibility or role as an appellate court. *See*, *e.g.*, *Irwin Union Nat. Bank and Trust Co. v. Famous*, 4 A.3d 1099, 1103 (Pa. Super. 2010).

We find McClelland's woefully underdeveloped and scattershot argument, coupled with the utter lack of factual context, substantially impairs our appellate review of the issues now raised on appeal. Consequently, we are constrained to find McClelland's failure to discuss relevant facts or legal authority results in waiver of the issues she seeks to raise on appeal. *See Commonwealth v. Delvalle*, 74 A.3d 1081, 1087 (Pa. Super. 2013) (finding undeveloped claim to be waived).

Judgment of sentence affirmed.

Judge Shogan concurs in the result.

Judge Ott files a concurring statement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/14/2015</u>