J-A11004-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JORDAN FUNK, MICHAEL RESSLER, AND BRIAN RESSLER | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : | |
| CHRISTY L. BRADLEY | : : | No. 1771 MDA 2019 |
| Appellant | : | |

Appeal from the Order Entered October 1, 2019
In the Court of Common Pleas of Lancaster County
Civil Division at No(s):  CI-18-01146

BEFORE:   PANELLA, P.J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.:          **FILED: JUNE 8, 2020**

Christy Bradley appeals from the order entered in the Court of Common Pleas of Lancaster County, which denied her petition to set aside the sheriff's sale of a property on Pinch Road, Manheim, Lancaster County, Pennsylvania ("the Property"). Following extensive review, we affirm.

Bradley obtained a mortgage on the Property from Jordan Funk, Michael Ressler, and Brian Ressler (collectively, "the Appellees"). As identified in the mortgage's corresponding note, in exchange for a loan amount of $200,000, Bradley agreed to an interest rate of 15% per annum and a monthly payment of $2,500. Shortly thereafter, the mortgage was recorded at the Office of the Recorder of Deeds in Lancaster County.

_____

[*] Former Justice specially assigned to the Superior Court.

Less than one year after the mortgage's execution, Appellees filed their complaint in mortgage foreclosure, alleging that Bradley failed to make the required payments under the note. The Appellees sought the mortgage's principal amount, the amount that Bradley had failed to pay under the monthly payment scheme, all additional available charges collectible under the note and mortgage, and attorney's fees.

Although she was properly served, Bradley did not respond to Appellees' complaint. Eventually, a default judgment was entered in favor of the Appellees in the amount of $238,092.18. Thereafter, Appellees filed a praecipe for writ of execution on the judgment, which was issued. Additionally, a notice of sheriff's sale and corresponding affidavit were filed, and in that notice, a date was set for the Property's sale. A subsequent notice of sheriff's sale was also filed, but maintained the same sale date. At the sheriff's sale, the Appellees purchased the Property.

Approximately one month later, Bradley filed a petition to set aside the sheriff's sale alleging various notice- and delivery-based defects. Furthermore, Bradley contested the upset bid price predicated on: 1) her assertion that the interest rate contained within the note was a product of fraud; 2) her being saddled with exorbitant attorney's fees; 3) Appellees and the court failing to take into account money she had previously paid to the Appellees.

Upon the petition's submission, the trial court issued a rule to show cause, Appellees filed an answer, and both parties had the opportunity to extensively brief their respective positions. Ultimately, the court denied

Bradley's petition. In response, Bradley filed a timely notice of appeal. At the trial court's direction, Bradley filed a timely Pa.R.A.P. 1925 statement of matters complained of on appeal. Afterward, the trial court issued its Pa.R.A.P. 1925 opinion, largely relying on the opinion affixed to its initial order denying Bradley's petition. Accordingly, the appeal is properly before this Court.

Bradley poses the following question for our review:

1) Did the trial court err as a matter of law in denying Bradley's petition to set aside the sheriff's sale when 1) the sheriff's sale featured insufficient notice and 2) at least one element of the mortgage and note were obtained by way of fraud?

*See* Appellant's Brief, at 4, 10, 12.

The intended purpose of a sheriff's sale in a mortgage foreclosure proceeding is to realize the debt, interest, and costs due to the judgment creditor. *See Merrill Lynch Mortg. Capital v. Steele*, 859 A.2d 788, 792 (Pa. Super. 2004). Nevertheless, "[a] sale may be set aside upon petition of an interested party where upon proper cause shown the court deems it just and proper under the circumstances." *Id*. (citation and internal quotation marks omitted).

"A petition to set aside a sheriff's sale is grounded in equitable principles and is addressed to the sound discretion of the hearing court." *GMAC Mortg. Corp. of Pa. v. Buchanan*, 929 A.2d 1164, 1167 (Pa. Super. 2007).

> The burden of proving circumstances warranting the exercise of the court's equitable powers rests on the petitioner, as does the burden of showing inadequate notice resulting in prejudice, which is on the person who seeks to set aside the sale. When reviewing a trial court's ruling on a petition to set aside a sheriff's sale, we

recognize that the court's ruling is a discretionary one, and it will not be reversed on appeal unless there is a clear abuse of that discretion.

*Id*. (citation omitted).

"An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or [the judgment is] the result of partiality, prejudice, bias or ill-will, as shown by the evidence of record, discretion is abused." **National Penn Bank v. Shaffer**, 672 A.2d 326, 328 (Pa. Super. 1996). Further, even if we might have reached a different conclusion, that determination, in isolation, is not enough to find an abuse of discretion. **See id**.

Preliminarily, despite the fact that Bradley poses one question in her brief, her argument section covers two discrete topics, notice and fraud. Moreover, she intermingles discussion on the validity of attorney's fees and the court's apparent failure to consider an amount she had already paid to Appellees. Accordingly, her brief does not conform to the Pennsylvania Rules of Appellate Procedure. **See** Pa.R.A.P. 2119(a) (providing that an "argument shall be divided into as many parts as there are questions to be argued."). However, even though this deviation has hampered our review, we will address notice and fraud in the order they appear in her brief and then conclude with a brief discussion on the ancillary matters.

First, Bradley asserts that two of the Appellees, Michael Ressler and

Brian Ressler, as parties in interest to the sheriff's sale, were not notified in accordance with Pa.R.C.P. 3129.2. Bradley is correct insofar as "[n]otice of the sale of real property shall be given by handbills … by written notice … to all persons whose names and addresses are set forth in the affidavit required by Rule 3129.1." Pa.R.C.P. 3129.2. The affidavit requires the affiant to, *inter alia*, set forth the owner of the real property and "every other person" who has any record lien, record interest, or interest that is not of record. Pa.R.C.P. 3129.1.

However, Bradley misconstrues the meaning of "every other person." Specifically, Bradley fails to distinguish between who is required to give notice, and who is required to receive notice:

> The notice requirements of Pa.R.C.P. 3129.1, 3129.2, and 3129.3 were intended to protect fundamental rights of due process by insuring that persons with an interest in real estate would receive adequate notice before being deprived of their property. Because notice is the most basic requirement of due process, [it] must be reasonably calculated to inform interested parties of the pending action, and the information necessary to provide an opportunity to present objections. The form of notice required depends on what is reasonable considering the interests at stake and the burdens of providing notice.

*First Eastern Bank, N.A. v. Campstead, Inc.*, 637 A.2d 1364, 1366 (Pa. Super. 1994) (citations and quotation marks omitted).

All three Appellees were identified as plaintiffs in the foreclosure action against Bradley and continue to be represented by the same counsel. Therefore, the Appellees collectively constitute affiants within the meaning of Pa.R.C.P. 3129.1(b) and cannot additionally be other interested persons,

which, if so, would trigger their inclusion on the affidavit as well as notice. Accordingly, there is no requirement that any of the Appellees had to have been specifically listed as an interested party on the affidavit or provided with notice, even though, in fact, one was.[1] *See* Appellees' Brief, at 4.

At a minimum, the Appellees, as the initiators of the action against Bradley, do not fall within the intended target of Rules 3129.1 and 3129.2 nor do they risk being deprived of property, as they are the individuals seeking to compel the mortgage foreclosure and sale of the Property.

As logic would dictate that Appellees/affiants cannot, too, be "every other person" within the meaning of Rules 3129.1 and 3129.2, none of them needed to have been included on the affidavit nor provided with corresponding notice of that affidavit. More importantly, it strains credulity, based on the circumstances, that all three Appellees, as bidders and the ultimate winners of the property, were not wholly apprised of the sheriff's sale. As such,

---

[1] The trial court noted that:

> The Rule 3129.1 affidavit which was prepared on [Appellees'] behalf by [Appellees'] counsel gave a single address for all [Appellees]. This was the same mailing address given for [Appellees] in the complaint. Counsel's certificate of service stated that notice of the sale was sent to that address, albeit in the name of only one [Appellee].

Trial Court Opinion, 10/28/19, at 5 (citation omitted).

- 6 -

Bradley's first argument fails.[2]

Second, on the issue of fraud, Bradley avers that "[t]he terms of the loans were changed and presented to [Bradley] at the time of closing when she was already under duress, committed to [the] process and in need of the loan." Appellant's Brief, at 8-9. In short, "the terms were not as originally discussed." *Id*., at 9.

Fraud entails the following elements: 1) a misrepresentation; 2) the misrepresentation must be material to the transaction at hand; 3) an intent to induce reliance; 4) justifiable reliance; and 5) damage. *See Kit v. Mitchell*, 771 A.2d 814, 819 (Pa. Super. 2001). Fraud "consists of anything calculated to deceive whether by single act or combination, or by suppression of truth, or suggestion of what is false whether it be by direct falsehood or by innuendo, by speech or silence, word of mouth, or look or gesture." *Delahanty v. First Pennsylvania Bank, N.A.*, 464 A.2d 1243, 1251 (Pa. Super. 1983) (citation omitted). Moreover, fraud must be averred with particularity and must be demonstrated by specific facts and not merely innuendo. *See* Pa. R.C.P. 1019 (b); *Presbyterian Med. Ctr. v. Budd*, 832 A.2d 1066, 1072 (Pa. Super. 2003).

Fraud is a basis for setting a sheriff's sale aside. *See Mortg. Elec.*

---

[2] The trial court determined that Bradley "lacks standing to assert the lack of notice to [Appellees] as a basis for setting aside the sale." Trial Court Opinion, 10/28/19, at 5. While we do not expressly decide this issue, it is worth noting that Bradley has cited nothing to refute this notion.

*Registration Sys., Inc. v. Ralich*, 982 A.2d 77, 80 (Pa. Super. 2009). With that said, mere insinuations of improprieties during the loan process are insufficient to establish a claim of fraud. *See id*., at 80-81.

Bradley proclaims that she was presented with a document at the mortgage closing that materially differed from the terms that had been discussed and agreed to prior. *See* Appellant's Brief, at 12-13. Instead of a declining two-step interest rate, she was "surprised with documents that set forth an interest rate of 15% for the whole term of the loan." *Id*., at 13. In addition, Bradley contends that one of the Appellees' testimonies establishes that "the terms at closing were not the same as what had originally been discussed." *Id*., at 14. Essentially, the only allegation of fraud is that the final terms were distinct from some earlier iteration of the negotiated mortgage terms, and Bradley was unaware of the change.

Assuming, *arguendo*, that the interest rate was not what had been agreed upon,[3] that contention, standing alone, is insufficient to ascertain fraud. Stated differently, Bradley has failed to identify any particular facts that could demonstrate an intent to induce her reliance through any actions performed by the Appellees nor has she cited to any authority finding fraud in an analogous or identical situation.

_____

[3] The trial court found Bradley's testimony to be contradictory as to what she believed the terms of the transaction to be in contrast with what was presented to her in the note and mortgage at closing. *See* Trial Court Opinion, 10/28/19, at 7.

Instead, Bradley was fully informed of the 15% interest rate at closing, as evinced by her initials on each page of both the note and the mortgage and full signature at the end of both documents. Furthermore, even taking into account the respective bargaining positions of the parties and Bradley's precarious financial position, counsel represented her in connection with the execution of the note and mortgage, and Bradley's counsel, less than one month prior to closing, endorsed the satisfactory nature of those two documents.

Correspondingly, we find that Bradley was adequately apprised of the mortgage and note's terms and conditions and was not deceived into affixing her name to those documents. As a result, Bradley's second issue does not warrant any relief.

Tangentially, Bradley asserts that the trial court failed to take into account certain money that she had already paid to the Appellees and refutes the court's awarding of attorney's fees. In summation, Bradley states that "an $8,200 payment [she made] has been acknowledged and yet was not considered for the purposes of the [s]heriff's [s]ale," and Appellees' "attorneys [sic] fees were presented without justification." Appellant's Brief, at 11.

As to what Bradley had already paid out, the trial court found that Appellees' attorney acknowledged receipt of an $8,200 payment made by Bradley. **See** Trial Court Opinion, 10/28/19, at 9. However, other than merely citing the intended purpose of a sheriff's sale, Bradley cites to no authority

indicating that a sheriff's sale *must* be set aside in the event that a mortgagor makes a payment toward the mortgage or why that would be relevant to the sale itself. Given the discretionary nature of a petition to set aside a sheriff's sale and Bradley's failure to contest any element of the foreclosure proceedings until after a default judgment was taken, we perceive no abuse of discretion in the trial court's decision to deny the petition. Although her payment does not prevent the sale of the Property, we emphasize that Bradley is not prohibited from raising this payment in any kind of subsequent deficiency judgment levied against her by the Appellees.

On the issue of attorney's fees, "a mortgagee is entitled on foreclosure to recover reasonable expenses, including attorney's fees." *Citicorp Mortg., Inc. v. Morrisville Hampton Village Realty Ltd. Partnership*, 662 A.2d 1120, 1123 (Pa. Super. 1995) (citation omitted). Still, those fees must be reasonable in conjunction with the circumstances of a particular case. *See id*. Here, those fees amounted to approximately 5.1% of the mortgage's value. Other mortgage foreclosure cases decided by our court have found attorney's fees set at five percent to be acceptable. *See, e.g*., *Foulke v. Hatfield Fair Grounds Bazaar, Inc.*, 173 A.2d 703, 704, 706 (Pa. Super. 1961). We see no material difference in one-tenth of a percentage point, and other than bald assertions, Bradley has offered nothing specific for us to conclude that the fee is unreasonable under the particular circumstances of this case. Therefore, Bradley's challenge fails.

As none of Bradley's issues are meritorious, we affirm the trial court's order denying her petition to set aside the sheriff's sale.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 06/08/2020