J-S29034-23

2023 PA Super 210

| | | |
|---|---|---|
| JOHN A. DICE, III AND DEIDRE DICE, ASSIGNEES OF THE ESTATE OF JOHN A. DICE, II | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| MAXINE CHOCHA-PIPAN, A/K/A MAXINE D. CHOCHA | : : : | No. 1414 MDA 2022 |
| APPEAL OF: AUDREY M. PIPAN | : : : | |

Appeal from the Order Entered September 9, 2022
In the Court of Common Pleas of Cumberland County Civil Division at
No(s): 2015-02473

BEFORE: MURRAY, J., KING, J., and COLINS, J.*

OPINION BY COLINS, J.:                    **FILED OCTOBER 20, 2023**

Appellant, Audrey M. Pipan, appeals from the order of the Court of Common Pleas of Cumberland County (the trial court) that denied her petition to set aside a sheriff's sale. For the reasons set forth below, we affirm.

On May 1, 2015, John A. Dice, III and Deidra Dice, assignees of the Estate of John A. Dice, II (collectively, Plaintiffs) entered a judgment against Maxine Chocha-Pipan a/k/a Maxine D. Chocha (Defendant). Trial Court Opinion at 1. This judgment acted as a lien against real property located at 418 Allendale Way, Camp Hill, Pennsylvania (the Property), which was owned by Defendant at that time. *Id.* Plaintiffs filed a writ of execution listing the

_____

* Retired Senior Judge assigned to the Superior Court.

Property for sheriff's sale on March 4, 2020, which was continued voluntarily by Plaintiffs to April 1, 2020. *Id.* at 2. In response to the Covid-19 pandemic, all Cumberland County sheriff's sales from April 1, 2020 through August 5, 2020, were continued by administrative order to September 2, 2020. *Id.* On September 1, 2020, the day before the sheriff's sale of the Property, Defendant filed a voluntary Chapter 13 bankruptcy petition, resulting in an automatic stay that forced cancelation of the September 2, 2020 sheriff's sale. *Id.*; M.D. Pa. No. 1:20-bk-02616 Docket at 1.

In the bankruptcy, Defendant acknowledged that Plaintiffs had a valid judgment lien on the Property in the amount of over $270,000, and the bankruptcy court on May 12, 2021 confirmed a plan under which the Property was to be sold and the proceeds would pay a substantial portion of Plaintiffs' lien and several small government liens. Second Amended Bankruptcy Plan; M.D. Pa. No. 1:20-bk-02616 Docket at 5. No sale of the Property or payment of Plaintiffs' claim in accordance with the approved plan occurred, however, and on August 25, 2021, Defendant's bankruptcy case was dismissed without objection, thus lifting the automatic stay. Trial Court Opinion at 2; M.D. Pa. No. 1:20-bk-02616 Docket at 5-7. On June 7, 2021, while the bankruptcy case was active, Defendant transferred the Property to Appellant, who is her daughter, for one dollar without notice to the parties in the bankruptcy case or bankruptcy court approval. Trial Court Opinion at 2; 6/7/21 Deed from Defendant to Appellant; M.D. Pa. No. 1:20-bk-02616 Docket at 5-7.

On September 3, 2021, Plaintiffs re-issued the writ of execution and scheduled the Property for sheriff's sale on December 1, 2021. Trial Court Opinion at 2. Plaintiffs learned of Defendant's deed transferring the Property to Appellant in a title search preparing for execution and served notice of the sheriff's sale on Appellant. *Id.* The sheriff's sale was continued to January 5, 2022, and Plaintiffs were the successful bidders at that sheriff's sale. *Id.*; Sheriff's Return of Service. On January 24, 2022, the sheriff issued a sheriff's deed to the Property to Plaintiffs and that sheriff's deed was recorded on March 3, 2022. Trial Court Opinion at 2-3; Sheriff's Deed; Petition to Set Aside Sale ¶8.

On June 17, 2022, more than three months after the sheriff's deed was delivered and recorded, Appellant filed a petition to set aside the sheriff's sale of the Property. Plaintiffs opposed the petition on multiple grounds, including that Appellant's deed from Defendant was void on the ground that the transfer was made in violation of the automatic bankruptcy stay; that Appellant was a nonparty who did not seek to intervene before final adjudication; that Appellant's deed from Defendant was voidable under Section 5104 of the Pennsylvania Uniform Voidable Transactions Act (the Pennsylvania Voidable Transactions Act), 12 Pa.C.S. § 5104; and that Appellant's petition was barred as untimely under Pa.R.Civ.P. 3132 because it was not filed until after the sheriff's deed was delivered. Plaintiffs' Response to Petition to Set Aside Sheriff's Sale ¶¶1, 4, 16, 18. Following briefing and oral argument, the trial

court entered an order on September 9, 2022 denying Appellant's petition to set aside the sheriff's sale. Trial Court Order, 9/9/22. The trial court stated in its order that it based its denial of Appellant's petition on all of the following grounds:

1. [Appellant] is not a party in interest to this case and therefore does not have legal standing to file a motion to set aside sheriff sale.

2. Defendant, Maxine Chocha-Pipan ("Defendant") transferred the property to her daughter, [Appellant], without leave of Court and in violation of the automatic stay in place pursuant to Section 362 of the Bankruptcy Code. *See* 11 U.S.C. 362(a).

3. Defendant's transfer of the property to [Appellant] for only $1 demonstrates an intent to defraud in accordance with Pennsylvania's Uniform Fraudulent Conveyance Act [now titled the Pennsylvania Uniform Voidable Transactions Act] and is therefore voidable pursuant to 12 Pa.C.S. § 5104.

4. A motion to set aside a sheriff's sale should be filed before the sheriff's deed is recorded. *See, e.g., Deutsche Bank Nat'l Co. v. Butler*, 868 A.2d 574, 578 (Pa. Super. 2005). [Appellant] filed the motion to set aside sale after the deed was recorded and is therefore untimely.

*Id.* at 1-2 (footnotes omitted).

Appellant timely appealed. In her statement of errors complained of on appeal that she filed in response to the trial court's Pa.R.A.P. 1925(b) order, however, Appellant asserted only two claims of error, that the trial court erred in holding that she was not a party in interest and that the trial court lacked jurisdiction to rule on the issue of whether Defendant's transfer of the Property to her violated the automatic bankruptcy stay. Statement of Errors Complained of on Appeal. The trial court thereafter issued its opinion, in which

- 4 -

it made clear that it denied Appellant's petition to set aside on multiple independent grounds. In its opinion, the trial court explained that it had denied the petition on the ground that it was untimely under Pa.R.Civ.P. 3132, which requires that a petition to set aside be filed before delivery of the sheriff's deed, because Appellant did not file the petition until months after the sheriff's deed was delivered and recorded and that Appellant had failed to show that she satisfied any exception that would permit late filing of the petition. Trial Court Opinion at 6. In addition, the trial court explained in its opinion that it had also denied the petition on the ground that Appellant was not a party in interest because her deed was voidable under 12 Pa.C.S. § 5104, as a transfer made with intent to hinder or defraud creditors, and that it had properly denied the petition on the ground that Appellant's deed was invalid because it violated the automatic bankruptcy stay. *Id.* at 6-9.

In her brief in this appeal, Appellant has raised only the following two issues:

> 1. Did the Trial Court commit an error of law when it determined that the Appellant was not a party in interest despite her recorded ownership interest in the subject property?
>
> 2. Did the Trial Court commit an error of law when it determined that the Deed from Defendant to [Appellant] was void as a violation of the automatic stay provisions of the Bankruptcy Code?

Appellant's Brief at 6 (suggested answers omitted). Plaintiffs, in addition to responding to Appellant's arguments on these issues, contend that the trial court's order cannot be reversed, regardless of the merits of those arguments,

because Appellant has failed to challenge the two other grounds on which the trial court denied her petition. Appellees' Brief at 8, 10-12.[1] We agree that Appellant's failure to challenge all of the independent grounds on which the trial court based its denial of the petition to set aside the sheriff's sale is fatal to her appeal.

This Court may neither litigate for the parties nor reverse a lower court order on the basis of a waivable argument that the appellant chose not to make. *Steiner v. Markel*, 968 A.2d 1253, 1256–57 (Pa. 2009); *Wiegand v. Wiegand*, 337 A.2d 256, 257-58 (Pa. 1975); *McGrogan v. First Commonwealth Bank*, 74 A.3d 1063, 1080 (Pa. Super. 2013). Therefore, where a court has denied relief based on more than one independent ground and the appellant does not argue on appeal that all of those grounds were in error, the appellant cannot show a basis for reversal and the order must be affirmed. *McGrogan*, 74 A.3d at 1080 (affirming common pleas court order denying class certification because "since [a]ppellants have only taken issue with one of the [lower] court's three independent grounds for denying the motion for class certification, [their] claim on appeal necessarily fails").

Here, the trial court denied Appellant's petition to set aside the sheriff's sale not only on the ground that Appellant's deed was void under the federal

---

[1] Plaintiffs had earlier moved to quash the appeal on this ground and this Court denied the motion without prejudice to Plaintiffs' right to raise this issue for consideration by the merits panel in their brief, 12/30/22 Order, which Plaintiffs have done.

bankruptcy code because Defendant violated the automatic bankruptcy stay, but also on the separate grounds that the petition was untimely and that Appellant's deed was voidable under Section 5104 of the Pennsylvania Voidable Transactions Act, 12 Pa.C.S. § 5104. Appellant challenges that the trial court's ruling that her deed is invalid under the bankruptcy code but makes no argument whatsoever in her brief that the trial court erred in denying relief on the grounds that the petition to set aside was barred as untimely or that the trial court erred in denying relief on the grounds that her deed is invalid under 12 Pa.C.S. § 5104. Although Appellant argues that the trial court erred in holding that she was not a party in interest, the only argument that she makes on that issue is that she was a party in interest because her recorded June 7, 2021 deed made her the record owner of the Property at the time that the sheriff's sale took place. Appellant's Brief at 10, 13.

Appellant makes no assertion in that argument or anywhere else in her brief that her petition to set aside was timely filed, that any exception to the requirement that a petition to set aside be filed before delivery of the sheriff's deed applied, that her deed was not voidable under the Pennsylvania Voidable Transactions Act, or that the trial court erred in its rulings on those issues. Indeed, Appellant makes no reference at all in her brief to the time within which a petition to set aside a sheriff's sale must be filed, to 12 Pa.C.S. § 5104 or to the Pennsylvania Voidable Transactions Act. The only case law that she

cites in support of her claim that she was a party in interest, *City of Philadelphia v. Hart*, 224 A.3d 815 (Pa. Cmwlth. 2020), and *Merrill Lynch Mortgage Capital v. Steele*, 859 A.2d 788 (Pa. Super. 2004), hold only that the record owner of the property in question at the time of the sale and a *bone fide* purchaser of the property before the sale who was the record owner before the sheriff's deed was delivered are parties in interest. Neither of these decisions addresses the issues of whether a petition to set aside filed after delivery of the sheriff's deed is barred as untimely or whether a deed is invalid under the Pennsylvania Voidable Transactions Act.

Because Appellant has not challenged all of the independent grounds on which the trial court denied her petition to set aside the sheriff's sale in this appeal, she cannot show that the trial court erred in denying her petition even if she prevailed on the arguments that she makes in her brief, and the denial of the petition must be affirmed. *McGrogan*, 74 A.3d at 1080. Accordingly, we affirm the trial court's order.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/20/2023