J-S83018-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT LEROY MASON, | |
| Appellant | No. 235 WDA 2016 |

Appeal from the PCRA Order February 1, 2016
In the Court of Common Pleas of Potter County
Criminal Division at No(s): CP-53-CR-0000268-2012

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                **FILED DECEMBER 06, 2016**

Appellant, Robert Leroy Mason, appeals from the February 1, 2016 order denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546.  We affirm.

At the guilty plea colloquy, the Commonwealth summarized the facts of the crimes as follows:

> [B]eginning in June of 1998 and then thereafter on dates not specifically known to the Commonwealth [Appellant] had sexual intercourse with his step daughter at a family camp . . . Sylvania Township and in Avis, which is in Clinton County, Pennsylvania. On those occasions he drugged her and had sex by forcible compulsion, the sex acts included oral sex on her and forced her to perform oral sex on him.  The victim at the time was 16 years or younger and [Appellant] was 21 years older than she was.

_____

[*]  Retired Senior Judge assigned to the Superior Court.

N.T., 4/3/13, at 2.

The PCRA court summarized the procedural history as follows:

[Appellant], Robert Mason was charged with several sexually related crimes perpetrated upon his step daughter who was between the ages of thirteen and nineteen at the time the crimes were committed.[1] [Appellant] pled guilty on April 3, 2013 to the charges of Rape, 18 Pa.C.S.A. § 3121 (A) (1) and IDSI Person Less than 16 Years of Age, 18 Pa.C.S.A. § 3123(A) (7). [Appellant] was the subject of an evaluation by the Sexual Offenders Assessment Board which indicated that [Appellant] was a Sexually Violent Predator (SVP). After a contested hearing on SVP status on October 25, 2013 the Court did find that [Appellant] was a[n] SVP. On the same date the [c]ourt sentenced [Appellant] within the standard range of the Sentencing Guidelines to a cumulative sentence of 110 to 220 months. [Appellant] filed a Motion for Reconsideration on November 4, 2013 which the [c]ourt denied on April 15, 2014.[2]

PCRA Court Opinion, 2/1/16, at 1.

Appellant did not file a direct appeal. On April 21, 2015, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel by order filed May 5, 2015.[3] The court held a hearing on the *pro se* petition on January 12, 2016; Appellant participated by telephone conference. The

_____

[1] Appellant, born in August of 1965, was between the ages of thirty-three and forty years old at the time of the assaults. N.T. (SVP Hearing), 10/25/13, at 8.

[2] The trial court continued the hearing on the motion in November of 2013 and January of 2014.

[3] In the appointment order, the PCRA court gave counsel thirty days to file an "Amended PCRA Petition if such a filing is necessary." Order, 5/5/15. By order filed July 6, 2015, "having received no such Amended PCRA Petition," the court scheduled a hearing on the *pro se* petition. Order, 7/6/15.

PCRA court denied the petition on February 1, 2016. Appellant filed a timely notice of appeal to this Court. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

Should the Superior Court reverse and remand the denial of Appellants PCRA where ineffective assistance of counsel so interfered with the Appellants right to receive a fair tribunal and sentence where:

a. The Appellant was denied the right of allocation at sentencing?

b. The attorney client relationship and communication had so deteriorated the Appellant did not understand the difference between concurrent and consecutive sentences, the Appellant thought his plea agreement was for a maximum of two to four (2-4) years of incarceration, trial counsel failed to advise the Appellant of the October 25, 2013 sexually violent predator hearing, and failed to advise him of his reconsideration of sentence hearing and its results until well after the date of denial?

Appellant's Brief at 17 (*verbatim*).

When reviewing the propriety of an order denying PCRA relief, this Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. **Commonwealth v. Robinson**, 139 A.3d 178, 185 (Pa. 2016). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. **Commonwealth v. Lippert**, 85 A.3d 1095, 1100 (Pa. Super. 2014).

On appeal, Appellant is alleging trial counsel's ineffective assistance in two respects. To plead and prove ineffective assistance of counsel a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act. *Commonwealth v. Stewart*, 84 A.3d 701, 706 (Pa. Super. 2013) (*en banc*). A claim of ineffectiveness will be denied if the petitioner's evidence fails to meet any one of these prongs. *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010). Counsel is presumed to have rendered effective assistance of counsel. *Commonwealth v. Montalvo*, 114 A.3d 401, 410 (Pa. 2015). We have explained that trial counsel cannot be deemed ineffective for failing to pursue a meritless claim. *Commonwealth v. Loner*, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*). "We need not analyze the prongs of an ineffectiveness claim in any particular order. Rather, we may discuss first any prong that an appellant cannot satisfy under the prevailing law and the applicable facts and circumstances of the case." *Commonwealth v. Johnson*, 139 A.3d 1257, 1272 (Pa. 2016) (citing *Commonwealth v. Albrecht*, 720 A.2d 693, 701 (Pa. 1998)).

We first note that Appellant has failed to comply with Pa.R.A.P. 2119(a), which states:

> The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the

particular point treated therein, **followed by such discussion and citation of authorities as are deemed pertinent**.

Pa.R.A.P. 2119(a) (emphasis added). Instead, Appellant labels each argument in bold type, but fails to confine his argument to the issue labeled. For example, following his heading regarding the alleged denial of allocution[4] at sentencing, Appellant references case law relating to ineffectiveness for failure to explain the consequences of pleading guilty, an issue he does not raise. Appellant's Brief at 22–24. He includes one conclusory sentence relating to allocution. *Id*. at 22.

Appellant also fails to develop this issue in any meaningful way and does not refer to anything in the record to support his claim. "It is not this Court's responsibility to comb through the record seeking the factual underpinnings of [the appellant's] claim." ***Irwin Union Nat. Bank & Trust Co. v. Famous***, 4 A.3d 1099, 1103 (Pa. Super. 2010) (citing ***Commonwealth v. Mulholland***, 702 A.2d 1027, 1034 n.5 (Pa. 1997)). Moreover, Appellant's argument does not correspond with the issues presented and does not facilitate our review. Therefore, we find the issue waived. ***See Commonwealth v. Woodard***, 129 A.3d 480, 509 (Pa. 2015) (quoting ***Wirth v. Commonwealth***, 95 A.3d 822, 837 (Pa. 2013), which stated that "where an appellate brief fails to . . . develop an issue in any other meaningful fashion capable of review, that claim is waived. It is not

_____

[4] Appellant labels such right as "allocation." Appellant's Brief at 22.

the obligation of an appellate court to formulate [the] appellant's arguments for him.") (internal quotations omitted)).[5]

Appellant's second issue asserts that he was provided ineffective assistance of counsel when his attorney failed to clarify the difference between concurrent and consecutive sentences and misled him into believing that he would receive a two-to-four-year sentence. In rejecting this allegation as lacking arguable merit, we rely on the following explanation by the PCRA court:

> [Trial counsel] testified that District Attorney Watson would not offer a binding plea of any duration to [Appellant] and that she never told [Appellant] that he would receive a 2 to 4 year sentence. Additionally, [trial counsel] averred that she read and completed a Guilty Plea Statement with [Appellant] which [Appellant] then signed. At his April 3, 2013 plea hearing [Appellant] indicated he had read and signed the Guilty Plea Statement. That Guilty Plea Statement indicated at question number 19 that the maximum sentence was 10 years, $25,000 fine. As indicated by the record, the [c]ourt further advised [Appellant] of the maximum possible sentence and [Appellant] indicated he did not have any questions about the same at his April 3, 2013 plea hearing. Finally, [Appellant] indicated at his plea hearing that he had not been promised anything in exchange for his plea. As there is no credible evidence that [Appellant] was ever promised a 2 to 4 year sentence and [trial counsel] testified that he was never promised the same, the

_____

[5] Contrary to Appellant's testimony at the PCRA hearing that he was not offered the right of allocution, and his family was denied the right to speak, the record reveals that the trial court offered Appellant the right of allocution, trial counsel testified Appellant was given the option to address the court, and the court indicated that it received and considered Appellant's family members' statements. N.T. (PCRA), 1/12/16, at 20–21; N.T. (Sentencing), 10/25/13, at 37, 67; PCRA Court Opinion, 2/1/16, at unnumbered 5.

[c]ourt finds this claim is without arguable merit and counsel was not ineffective with regard to this issue. See [Commonwealth v.] Milligan, [693 A.2d 1313, 1319 (Pa. Super 1997)].

* * *

[Trial counsel] testified that she discussed consecutive and concurrent sentence[s] with [Appellant]. [Trial counsel] also testified that [Appellant] fully understood the plea and the potential sentence he was facing. The [c]ourt finds that testimony to be credible and [Appellant's] testimony to the contrary to not be credible. [Appellant]'s Guilty Plea Statement indicated at question number 19 that the maximum sentence was 10 years, $25,000 fine. As indicated by the record, the [c]ourt further advised [Appellant] of the maximum possible sentence and [Appellant] indicated he did not have any questions about the same at his April 3, 2013 plea hearing. [Appellant's] Plea Agreement, which he signed, indicates that District Attorney Watson made no recommendations as to sentencing. [Appellant] indicated at his plea hearing that he had not been promised anything in exchange for his plea. As [Appellant] was informed of the maximum possible sentence and knew he had not been promised a certain sentence in exchange for his plea, it is clear that he understood the concept of an open plea and had agreed to enter an open plea. Even if [Appellant] did not understand the difference between consecutive and concurrent sentences; it is irrelevant since this was an open plea and no agreement as to whether the sentences would run together or consecutively. Accordingly, the [c]ourt finds this claim is without arguable merit and counsel was not ineffective with regard to this issue. See Milligan, Supra.

PCRA Court Opinion, 2/1/16, at unnumbered 6, 7.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  12/6/2016