J-S79030-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEVIN MOBLEY | |
| Appellant | No. 642 EDA 2011 |

Appeal from the Judgment of Sentence August 30, 2010
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004178-2007

BEFORE:  GANTMAN, P.J., MOULTON, J., and MUSMANNO, J.

MEMORANDUM BY MOULTON, J.:                **FILED MAY 26, 2017**

Kevin Mobley appeals from the judgment of sentence entered on August 30, 2010 by the Philadelphia County Court of Common Pleas.  We affirm.

We previously discussed the relevant procedural history of this matter as follows:

> On August 30, 2010, Mobley pled *nolo contendere* to a charge of third-degree murder[1] and was sentenced to 15 to 30 years' incarceration.  On September 8, 2010, Mobley filed post-sentence motions, which he had earlier presented as *pro se* pre-trial motions, in part, challenging the trial court's jurisdiction to hear his case.  On February 7, 2011, the trial court entered an order denying Mobley's post-sentence motions.[2]
>
> [1] 18 Pa.C.S. § 2502(c).
>
> [2] The trial court's February 7, 2011 order disposing of Mobley's post-sentence motions

includes the court's reasons for denying the motions. ***See*** Order, 2/7/11.

On March 8, 2011, Mobley filed a timely notice of appeal. On April 7, 2011, the trial court entered an order directing Mobley to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within 21 days. Mobley never filed a 1925(b) statement.[3] The trial court did not file an opinion in support of its order pursuant to 1925(a),[4] and the judge who denied Mobley's post-sentence motions is no longer sitting as a judge in Philadelphia County.

> [3] The record reflects Mobley was counseled at the time he filed his notice of appeal and at the time the trial court entered the Rule 1925(b) order.

> [4] On July 18, 2011, the trial court sent a letter to this Court, indicating that it would forward the record without an opinion because Judge Renee Cardwell Hughes was no longer sitting on the bench.

On appeal, Mobley avers that his counsel at the time never received the trial court's April 7, 2011 order, because it was sent to the wrong address. Mobley's Br. at 5. Mobley further avers that "previous counsel never noticed that a 1925(b) Order was ever entered until previous counsel was reviewing the Philadelphia Court of Common Pleas record that was in the file in Superior Court." ***Id.***

***Commonwealth v. Mobley***, No. 642 EDA 2011, unpublished memorandum at 1-3 (Pa.Super. filed Jan. 11, 2017). Because our review of the record revealed that Mobley's prior appellate counsel was *per se* ineffective for failing to file a Rule 1925(b) statement as ordered, we remanded for the filing of a 1925(b) statement *nunc pro tunc* and for the trial court's preparation of a Rule 1925(a) opinion. On February 9, 2017, Mobley filed

his 1925(b) statement. On March 24, 2017, the trial court filed its Rule 1925(a) opinion.[1]

Mobley raises the following issues on appeal:

I. Was the purported rewriting of the Constitution in 1968 impermissible and as such null and void?

II. Since there is no provision in the Pennsylvania Constitution authorizing the enactment of a criminal code, was such an enactment unconstitutional, depriving the Pennsylvania courts of jurisdiction to hear criminal matters?

III. If the Constitution of 1968 should be deemed to be proper and legal, did the ratification abolish the power of the Office of the District Attorney to prosecute any case in the Commonwealth rendering any conviction a nullity?

IV. Does the absence of an enacting clause in the Crimes Code render any attempt to charge this defendant with a crime due to a lack of jurisdiction?

Mobley's Br. at 3.

Mobley first challenges the 1968 revision of the Constitution of Pennsylvania, asserting that the original 1776 constitution contained a provision[2] prohibiting such revision. As the provision clearly states, the

---

[1] The Honorable Jeffrey P. Minehart prepared the Rule 1925(a) opinion. We note that the relatively lengthy procedural history of this appeal includes the substitution of appellate counsel in 2013 and two hearings pursuant to **Commonwealth v. Grazier,** 713 A.2d 81 (Pa. 1998), held in 2012 and 2015.

[2] The constitutional provision in question reads as follows:

**The members of the house of representatives** shall be chosen annually by ballot, by the freemen of the

*(Footnote Continued Next Page)*

Pennsylvania General Assembly was prohibited from amending the constitution. However, the amendments that resulted in the Pennsylvania Constitution of 1968, while drafted by the General Assembly, were approved and adopted by the electorate.[3] Therefore, this argument is without merit.

_____
*(Footnote Continued)*

> commonwealth, on the second Tuesday in October forever, (except this present year,) and shall meet on the fourth Monday of the same month, and shall be stiled The general assembly of the representatives of the freemen of Pennsylvania, and shall have power to choose their speaker, the treasurer of the state, and their other officers; sit on their own adjournments; prepare bills and enact them into laws; judge of the elections and qualifications of their own members; they may expel a member, but not a second time for the same cause; they may administer oaths or affirmations on examination of witnesses; redress grievances; impeach state criminals; grant charters of incorporation; constitute towns, boroughs, cities, and counties; and shall have all other powers necessary for the legislature of a free state or commonwealth: **But they shall have no power to add to, alter, abolish, or infringe any part of this constitution.**

Pa. Const. of 1776, Plan or Frame of Government for the Commonwealth or State of Pennsylvania, § 9 (emphasis added), *available at* http://www.phmc.state.pa.us/portal/communities/documents/1776-1865/pennsylvania-constitution-1776.html.

[3] In ***Commonwealth v. Stultz***, we noted:

> The Constitution of 1874 was modified and renumbered by extensive amendments on May 17, 1966, November 8, 1966, and May 16, 1967; and by proclamation of the Governor of July 7, 1967, P.L. 1063, pursuant to the act of August 17, 1965 (P.L.345, No. 180). Proposals 1 through 7 to amend the Constitution were recommended by a Constitutional Convention which was called pursuant to the

*(Footnote Continued Next Page)*

Next Mobley claims that Pennsylvania courts have no jurisdiction to hear criminal matters because our state constitution does not contain a provision authorizing the enactment of a criminal code. We disagree. In *Commonwealth v. Stultz*, 114 A.3d 865 (Pa.Super.), *app. denied*, 125 A.3d 1201 (Pa. 2015), we considered and rejected an identical challenge to the jurisdiction of our state trial courts to hear criminal matters. We held that "[s]ince nothing in the Pennsylvania Constitution prohibits the Commonwealth from enacting criminal statutes, the enactment of the Pennsylvania Crimes Code and Motor Vehicle Code were valid exercises of power." *Id.* at 877. Therefore, Mobley's claim is meritless.

Mobley further contends that the ratification of the 1968 Pennsylvania Constitution abolished the power of the District Attorney's Office to prosecute crimes in the Commonwealth. Because Mobley does not cite any legal authority in support of this contention, we find that he has not properly

*(Footnote Continued)* ───────────────

> act of March 15, 1967 (P.L.2, No.2). The proposals were approved by the electorate on April 23, 1968. By statute, 1 Pa.C.S. § 906, the Constitution, as amended by referenda of May 17, 1966, November 8, 1966, May 16, 1967, and April 23, 1968, and as numbered by proclamation of the Governor of July 7, 1967, shall be known and may be cited as the Constitution of 1968.

114 A.3d 865, 875 n.6 (Pa.Super.) (quotation omitted), *app. denied*, 125 A.3d 1201 (Pa. 2015).

developed this claim. Therefore, it is waived.[4] ***See Lackner v. Glosser***, 892 A.2d 21, 29-30 (Pa.Super. 2006) ("Appellate . . . arguments which are not appropriately developed are waived. Arguments not appropriately developed include those where the party has failed to cite any authority in support of a contention.") (citations omitted).

Finally, Mobley claims that he cannot be charged with a crime under the Pennsylvania Crimes Code because it lacks an "enacting clause." Again, we conclude that Mobley has failed to adequately develop his argument,[5]

_____

[4] Mobley appears to indirectly challenge the jurisdiction of the District Attorney's Office by arguing that the 1968 Pennsylvania Constitution did not contain a "'saving schedule' of all statutes, laws, prosecutions and codes stemming from the 1874 Constitution." Mobley's Br. at 21. This argument is meritless. In ***Stultz***, we rejected a similar challenge. ***Stultz***, 114 A.3d at 873 ("Appellant's initial argument appears to be that the Pennsylvania Crimes Code was repealed by the 1968 Pennsylvania Constitution because the amendments to the 1874 Constitution failed to include a savings clause.") (footnote omitted). We concluded that

> [t]he 1968 Constitution amended the 1874 Constitution via a limited Constitutional Convention as well as through other amendments. Therefore, the 1874 Constitution was never suspended or completely abrogated. . . . [O]nly those laws that were clearly and unequivocally inconsistent with the substantive changes made between the 1874 constitution and 1968 constitution would be abrogated. . . . [Moreover,] the enactment of the 1968 Pennsylvania Constitution could not repeal the Crimes Code since that code did not exist until 1972, four years after the 1968 Constitution was adopted.

114 A.3d at 875 (footnote and citation omitted).

[5] The corresponding argument section in Mobley's brief again focuses on the lack of a "savings clause" in the Pennsylvania Constitution. However, *(Footnote Continued Next Page)*

thereby waiving this issue.[6] **See Irwin Union Nat'l Bank & Trust Co. v. Famous**, 4 A.3d 1099, 1103 (Pa.Super. 2010) ("This Court will not act as counsel and will not develop arguments on behalf of an appellant. . . . When deficiencies in a brief hinder our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived."); **see also Lackner**, 892 A.2d at 29-30.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/26/2017

_(Footnote Continued)_ ───────

Mobley did not raise this issue in either his post-sentence motions or his Rule 1925(b) statement. Therefore, it is waived. **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa.Super. 1998) ("Any issues not raised in a 1925(b) statement will be deemed waived.").

[6] Even if Mobley had not waived this issue, we would find it meritless. In **Stultz**, we addressed a challenge to the Crimes Code on the basis that it did not contain an enacting clause. Although the appellant in **Stultz** was not charged under the Crimes Code, we nonetheless reviewed "the official codification of the Pennsylvania Crimes Code enacted by the General Assembly in 1972, reveal[ing] the enacting clause immediately before the table of contents for Title 18." 114 A.3d at 879.