J-S09002-21

**ON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ECN FINANCIAL, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EARTHSCAPE, INC AND KEN HAUK | : | |
| | : | |
| Appellant | : | No. 547 EDA 2020 |

Appeal from the Judgment Entered January 23, 2020
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  No. 2017-06535

BEFORE:  OLSON, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:                    **FILED MAY 12, 2021**

Appellants, Earthscape, Inc. and Ken Hauk ("Hauk"), (collectively, "Appellants"), appeal from the January 23, 2020 judgment[1] entered upon a non-jury verdict in favor of ECN Financial, LLC ("ECN Financial") on ECN Financial's cause of action.  We dismiss this appeal.

The trial court summarized the factual history as follows:

[Appellants'] principal place of business [is] in Foristell, Missouri. [ECN Financial's] principal place of business is [in] Horsham, Pennsylvania.  On [] November 20, 2015, [Appellants] entered

---

[1] Appellants purport to appeal from the January 6, 2020 order denying their post-trial motion seeking a new trial or, in the alternative, a judgment notwithstanding the verdict.  "[A]n appeal to this Court can only lie from judgments entered subsequent to the trial court's disposition of any post-verdict motions, not from the order denying post-trial motions." ***Johnston the Florist, Inc. v. TEDCO Constr. Corp.***, 657 A.2d 511, 514 (Pa. Super. 1995).  Upon *praecipe* filed by ECN Financial, LLC, judgment was entered on January 23, 2020, in favor of ECN Financial, LLC in the amount of $48,058.06.  Appellants' appeal properly lies from the January 23, 2020 judgment. ***Id.***  The caption has been corrected accordingly.

into a written lease agreement to finance a piece of construction equipment identified as a Bobcat T650 track loader[,] including all attachments and accessories[,] from [ECN Financial]. It was undisputed that the terms of the lease [agreement] provide[d] for thirty-six monthly [lease] payments of $1,193.33 [each] for use of the equipment and[,] at the end of the lease [agreement,] an option to [] purchase the equipment for $29,498.15, return the equipment, or continue [leasing] the equipment for [twelve additional] months. [Pursuant to the lease agreement, if] the [monthly lease payment was] not paid on time, a default occur[ed]. Upon default, [ECN Financial was] entitled to accelerate the balance due for the remaining [monthly lease] payments that [had] not been made. The [lease agreement] further provided that upon default[, Appellants were] obligated to pay all costs to enforce the lease [agreement], including collection costs, repossession costs, and attorney's fees. At trial, sufficient evidence was presented to establish that [Appellants] signed the lease agreement. [In] a bench trial, [the trial] court found that [] Hauk [signed] the lease [agreement] and was [a] personal guarantor [of the lease obligations]. [] Hauk did not attend the [non-jury] trial.

A payment history for the lease [agreement] was stored by [ECN Financial]. The last [monthly lease] payment that [Appellants] paid was the October [] 2016 [lease] payment. ECN Financial recovered possession of the [equipment] in good condition except the tire tracks were damaged to the point that they needed to be replaced. Net proceeds of $41,958.88 were received from the sale of the equipment in March 2017. At the time of [Appellants'] default on the lease [agreement], there were 25 remaining payments [outstanding] as [Appellants] paid 11 of the 36 payments due [under the terms of the lease agreement].

On March 30, 2017, [ECN Financial] filed a complaint against [Appellants] in Montgomery County, Pennsylvania to collect the net book value of $59,624.98, including interest at the rate of 18% per year, plus costs and attorney['s] fees. In September 2017, [Appellants] filed a demand for a jury trial, [a] *praecipe* of notice of Missouri law, and preliminary objections. The [trial court overruled the] preliminary objections[.] Thereafter, [Appellants] filed an answer with new matter, asserting defenses. . . . On September 19, 2019, [ECN Financial] filed a pre-trial motion to strike the demand for [a] jury trial and the notice of Missouri law pursuant to a governing law provision [in the lease agreement], which was granted by the [trial] court. The case proceeded to a

bench trial on December 17, 2019. The entire proceeding lasted [one] hour and three minutes during which [ECN Financial] called one witness and presented nine exhibits. [Appellants] presented no witnesses or exhibits. [Appellants, and in particular Hauk,] did not [personally] appear at the trial[. A] medical excuse was presented after [ECN Financial] rested [its] case[.] [Appellants] did not inform the [trial] court of any reason for [Appellants'] absence, request a continuance[,] or ask for an accommodation for [Appellants] to participate virtually at the commencement of the trial. [Appellants'] absence was only raised with the hope [that] it would thwart [ECN Financial's] counsel from "making a point of it." On December 23, 2019, the [trial] court rendered a verdict in favor of [ECN Financial.[2]] in the amount of $48,058.06.

Trial Court Opinion, 9/11/20, at 1-3 (record citations and extraneous capitalization omitted). Appellants filed a post-trial motion seeking a new trial or, in the alternative, a judgment notwithstanding the verdict, which the trial court subsequently denied on January 6, 2020. On January 23, 2020, upon ECN Financial filing a *praecipe* to reduce the verdict to a judgment, a judgment in the amount of $48,058.06 was entered in favor of ECN Financial. This appeal followed.[3]

Appellants raise the following issues for our review:

1.     [Did the trial court err as a matter of law or abuse its discretion when it struck Appellants' September 5, 2017]

_____

[2] We note that at the conclusion of the non-jury trial, the trial court found that Appellants "breached [their] obligations under the [lease agreement] and [were] obligated to pay $48,471.98 as a total amount of damages in accordance with the [lease agreement]." N.T., 12/17/19, at 55. The trial court subsequently entered an order awarding ECN Financial $48,056.06 in damages. Trial Court Order, 12/23/19. Judgment was ultimately entered in favor of ECN Financial in the amount of $48,058.06.

[3] Both Appellants and the trial court complied with Pa.R.A.P. 1925.

request for a jury trial because [ECN Financial] waived the issue [by] not [moving] to strike the jury [trial] request until [September] 3, 2019[?]

2. [Did the trial court err as a matter of law or abuse its discretion when it struck Appellants' September 5, 2017] notice of Missouri Law [because ECN Financial] did not move to strike the notice until [September] 3, 2019[?]

3. [Did the trial court err as matter of law or abuse its discretion in denying Appellants' post-trial motion when the] trial testimony showed that [Appellants] were not made aware that they were waiving their rights when they allegedly signed the [lease agreement] with full knowledge which is a violation of Missouri Law[?]

4. [Did the trial court err as a matter of law or abuse its discretion when it applied Pennsylvania law] and not [] Missouri law[?]

5. [Did the trial court err as matter of law or abuse its discretion in denying Appellants' post-trial motion when ECN Financial] failed to show that it did not follow [the] law regarding a "commercially reasonable manner" [in conducting] a re[-]sale of the [equipment?]

6. [Did the trial court err as matter of law or abuse its discretion in denying Appellants' post-trial motion when ECN Financial] failed to produce witnesses to show how the [equipment] was resold[?]

7. [Did the trial court err as matter of law or abuse its discretion in denying Appellants' post-trial motion when ECN Financial] admitted that [Appellants] did not receive proper notice of the re-sale [of the equipment?]

8. [Did the trial court err as matter of law or abuse its discretion in awarding ECN Financial] attorney's fees when [ECN Financial] failed to produce any document on that issue[?]

9. [Did the trial court err as matter of law or abuse its discretion by implying] a negative inference in response to [Hauk's] medical letter which stated that he could not attend the bench trial[?]

Appellants' Brief at 3.

Preliminarily, we must address the contention that Appellants' appeal should be dismissed because Appellants failed to comply with the Pennsylvania Rules of Appellate Procedure regarding the requirements for filing an appellate brief. ECN Financial's Brief at 11-13.

Pennsylvania Rule of Appellate Procedure 2101 states,

Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.

Pa.R.A.P. 2101. Pennsylvania Rule of Appellate Procedure 2111(a) requires an appellant's brief to contain, *inter alia*, an argument section. Pa.R.A.P. 2111(a)(8). The argument section of an appellant's brief "shall be divided into as many parts as there are questions to be argued[] and shall have at the head of each part - in distinctive type or in type distinctively displayed - the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). "The [Pennsylvania] Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." **Estate of Haiko v. McGinley**, 799 A.2d 155, 161 (Pa. Super. 2002). "Appellate arguments which fail to adhere to these rules may be considered waived and arguments which are not appropriately developed are

waived." ***Lackner v. Glosser***, 892 A.2d 21, 29 (Pa. Super. 2006) (citations omitted).

> This Court will not act as counsel and will not develop arguments on behalf of an appellant. When deficiencies in a brief hinder our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived. It is not this Court's responsibility to comb through the record seeking the factual underpinnings of [an appellant's] claim.

***Irwin Union Nat'l Bank and Trust Co. v. Famous***, 4 A.3d 1099, 1104 (Pa. Super. 2010) (citations omitted), *appeal denied*, 20 A.3d 1212 (Pa. 2011).

Here, Appellants raise nine issues in their counseled brief. The argument section of Appellants' brief, however, is divided into only two sub-sections entitled "A. Burden of Proof" and "B. Issues of First Impressions[,]" neither of which directly correspond to Appellants' nine issues. Appellant's Brief at 5 (extraneous capitalization omitted). The "arguments" set forth under each of these two sub-sections consist of general statements without citation to the record, fail to identify the issue or issues to which the general statements pertain, and lack any significant legal discussion or analysis of Appellants' claims. The dearth of relevant discussion and analysis of Appellants' claims with citation to the record and to legal authority in support thereof prevents this Court from conducting any meaningful review of Appellants' issues. Accordingly, because Appellants' brief fails to adhere to the requirements of the Pennsylvania Rules of Appellant Procedure, we dismiss Appellants' appeal.

Appeal dismissed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 5/12/2021*