J-A16005-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| CARL E. WEAVER AND BEN COBLENTZ | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| HYDROPONIC LIFE, LLC, A NEVADA LIMITED LIABILITY COMPANY | : | |
| Appellant | : | No. 666 WDA 2023 |

Appeal from the Order Entered May 17, 2023
In the Court of Common Pleas of Cambria County Civil Division at No(s):
No. 2022-2932

BEFORE:  KUNSELMAN, J., MURRAY, J., and McLAUGHLIN, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED:  June 28, 2024**

In this commercial-lease case, the Tenant, Hydroponic Life, LLC, appeals from the order denying its Petition to Open a Confession of Judgment, which the Landlords, Carl E. Weaver and Ben Coblentz, entered against it in the trial court.  Based on Tenant's numerous violations of the Pennsylvania Rules of Appellate Procedure, Landlords ask us to dismiss this appeal.  For the reasons that follow, we grant the application to dismiss.

In 2017, Landlord purchased a former penitentiary in Cambria County. On August 30, 2019, they leased the penitentiary to Tenant "for commercial (non-residential) purposes [to] be used only for Controlled Environment Agriculture, outdoor farming and agricultural processing and uses related thereto."  Amended Complaint in Confession of Judgment at 1-2 (quoting Ex. 1, Lease at 1, ¶ 2).  The parties also simultaneously entered into a right-of-first-refusal/option-to-purchase contract.

Contrary to the lease, Tenant sublet part of the property to a trucking company and conducted ghost tours in the penitentiary. When Landlords learned of these non-agricultural uses, they required Tenant to execute an October 15, 2021 addendum to the lease, which allowed Tenant to conduct ghost tours from October 15, 2021 through January 31, 2022. The addendum also required Tenant to purchase the penitentiary for $1,300,000 by January 31, 2022 or to pay Landlords an additional $50,000 in rent. By February 1, 2022, Tenant neither purchased the property nor paid the $50,000.

In response, the parties signed a second addendum on March 25, 2022. Therein, Landlords extended the deadline for Tenant to purchase the property for $1,300,000 or to pay the $50,000 in additional rent by April 30, 2022. The addendum did not increase the time frame to conduct ghost tours, but Tenant continued using the property for that purpose. When April 30, 2022 arrived, Tenant again neither purchased the property nor paid the additional rent.

Landlords sent a notice of breach to Tenant and demanded it surrender possession. Instead of vacating the premises, Tenant "offered to pay $50,000 — not as additional rent — but as a down payment on the . . . property . . . ." Trial Court Opinion, 7/7/23, at 4. Landlords rejected the offer.

Shortly thereafter, Landlords informed Tenant that a third party offered to purchase the property for $2,000,000. Tenant could not pay that amount to exercise the right-of-first-refusal/option-to-purchase, but it continued to occupy the property. Landlords therefore sued Tenant, based on a confession-of-judgment clause in the lease, and they also sought to evict Tenant. **_See_**

Amended Complaint in Confession of Judgment at 3; *see also* Ex. 1, Lease at 8-9, ¶ 27.

Eventually, Landlords filed an Amended Complaint in Confession of Judgment. Tenant filed a Petition to Open Confession of Judgment, along with an Answer, New Matter, and Counterclaim to the Amended Complaint. Tenant contended that it never breached the lease and addenda. Rather, Tenant claimed that Landlords breached the right-of-first-refusal/opinion-to-purchase contract.

On January 19, 2023, the trial court held an evidentiary hearing on the Petition to Open Confession of Judgment. Thereafter, the court "directed the parties to submit any supporting documents, proposed orders, and legal authority to support their respective positions regarding the Petition to Open." Trial Court Opinion, 7/7/23, at 2. Landlords "filed a timely brief, which included citations to legal authority, on January 25, 2023. [Tenant] filed an untimely brief, which cited to a single case, on January 31, 2023." *Id.* The trial court conducted a second evidentiary hearing on May 5, 2023 and, on May 17, 2023, issued an order denying Tenant's petition to open.

A week later, on May 24, 2023, Landlords praeciped the Prothonotary of Cambria County for a writ of possession, directed to the sheriff. Thereafter, on June 6, 2023, Tenant timely appealed to this Court from the order denying its Petition to Open Confession of Judgment.

On June 12, 2023, the trial court ordered Tenant to file a Pennsylvania Rule of Appellate Procedure 1925(b) statement of errors complained of on

appeal. On the same day, Tenant petitioned the trial court to stay Landlords' writ of possession, because execution would disrupt Tenant's business during the pendency of this appeal.

Following a June 19, 2023 hearing, where Tenant "failed to cite any legal authority to support a stay in both its petition and during oral argument," the trial court granted Tenant partial relief. T.C. Order, 6/26/23, at 1 n.1. The trial court stayed execution of the writ of possession until July 26, 2023, "to afford [Tenant] an opportunity to seek a stay from the Superior Court and to otherwise make preparations for an orderly departure from the premises." *Id.* at n.2. Beyond July 26, 2023, the stay was denied.

Four days later, Tenant filed an Application for Stay of Landlords' writ of possession in this Court. Tenant cited no law in its filing. *See* Application for Stay at 1-3. Landlords replied in opposition. Before this Court could act on the Application for Stay, on July 21, 2023, Tenant filed a second application, entitled "Emergency Motion for Stay," which, again, cited no law to support the request for a stay. This Court denied both of Tenant's pending applications for a stay in an order, dated July 24, 2023.

The following day, seeking to invoke the King's Bench Powers of the Supreme Court of Pennsylvania, Tenant filed an Emergency Application for Appeal of Denial of Application to Stay before the High Court. Justice Brobson granted a temporary stay on the writ of possession to allow the full Court to review Tenant's application. *See Weaver v. Hydroponic Life, LLC*, 39 WM 2023 (Pa. 2023), Order, 7/25/23, at 1. After receiving Landlords' reply, the

Supreme Court denied Tenant's emergency application and lifted the stay. *See id.*, Order, 8/2/23, at 1.

Meanwhile, Tenant neglected to prosecute its appeal in this Court. We set September 8, 2023 as the deadline for Tenant's docketing statement and September 20, 2023 as the deadline for its appellate brief. Tenant missed both deadlines.

Thus, on October 26, 2023, Landlords filed an application to dismiss the appeal, while, at the same time, this Court *sua sponte* issued an order dismissing Tenant's appeal due to its failure to file a brief. Because the documents were both filed on the same day, they crossed each other in the online filing system. The next day, this Court issued an order dismissing Landlords' application to dismiss the appeal as moot.

A week later, a new attorney entered his appearance for Tenant. He also filed an Application to Reinstate Appeal and to grant an extension of time to file an appellate brief and reproduced record for Tenant. Therein, Tenant contended that it was unaware that its prior attorney was ignoring this Court's orders to file the docketing statement, appellate brief, and reproduced record. *See* Tenant's Application to Reinstate Appeal at 2-3. Tenant "characterized its relationship with [former counsel] as challenged and [Tenant] became dissatisfied with [his] representation, including [former counsel's] failure to respond to communications and keep [Tenant] reasonably apprised of the status of its case." *Id.* at 3. Further, Tenant accused counsel for Landlords of filing the application to dismiss the appeal "in bad faith," because Landlords'

counsel supposedly failed to disclose his intention to file that application to Tenant's new attorney. *Id.* at 5.

Landlords filed a reply opposing reinstatement of the appeal. Moreover, Landlords asserted that Tenant was proceeding "in bad faith" by repeatedly insisting in its applications for stays and reinstatement that "'the instant matter presents reasonable questions of law for adjudication' — all without once, then or now, suggesting even in a general way what those questions might be." Landlords' Answer to Application to Reinstate Appeal at 3. In addition, "nowhere does the Application to Reinstate [explain] the vivid contrast between [Tenant's] actions seeking stay pending appeal — when it acted with utmost alacrity and dispatch — and its inaction when finally presented the opportunity to elaborate at length on those 'questions of law' for which it repeatedly announced that it sought appellate review." *Id.* at 3-4. Landlords emphasized that the lengthy delays in this appeal and Tenant's repeated requests for stays only served to cloud the marketability of their title to the property and prevented them from consummating the $2,000,000 sale.

On November 20, 2023, this Court granted reinstatement of the appeal. We directed that Tenant's "brief shall be due ***on or before January 4, 2024.***" Superior Court Order, 11/20/23, at 1 (emphasis in original). Notably, nothing in the order granted Tenant a dispensation from filing its docketing statement or a reproduced record, both of which Tenant expressed its desire to file in its

Application to Reinstate Appeal. On January 4, 2024, Tenant filed its brief.[1] However, Tenant did not file – and still has not filed – a docketing statement or a reproduced record, as ordered by this Court nearly ten months ago.

Landlords filed an Emergency Application to Dismiss based on Tenant's continuing failure to adhere to the rules of appellate procedure. This Court denied Landlords' application without prejudice and deferred resolution of Landlords' procedural objections to this panel. *See* Superior Court Order, 1/26/24, at 1. Additionally, we permitted Landlords to forgo the filing of a supplemental reproduced record. Landlords filed their appellee brief, wherein they renewed their request for dismissal on procedural grounds.

Before reaching the merits of Tenant's appeal, we address Landlords' renewed Emergency Application to Dismiss. Whether we should dismiss an appeal for violations of the Rules of Appellate Procedure "presents a question of law, [thus,] our scope of review is plenary, and the standard of review is *de novo*." ***Commonwealth v. Walker***, 185 A.3d 969, 974 (Pa. 2018), *overruled on other grounds by* ***Commonwealth v. Young***, 265 A.3d 462 (Pa. 2021).

In support of their application to dismiss, Landlords argue as follows:

---

[1] Tenant raises one issue: "Did the [trial] court err in failing to consider substantial evidence related to meritorious defenses and not striking the confessed judgment against [Tenant?]" Tenant's Brief at 1.

The Rules of Appellate Procedure require that briefs and other filings "conform in all material respects" with the standards set therein and provide that in the case of substantial defects "the appeal may be quashed or dismissed." Pa.R.A.P. 2101. The Rules expressly permit an appellee to request dismissal on the basis of the appellant's "failure to file its designation of reproduced record or reproduced record." Pa.R.A.P. 2188. [Landlords] previously made two such requests: by Application to Dismiss filed October 26, 2023 (subsequently dismissed as moot on October 27, 2023), and again by Emergency Application to Dismiss filed January 23, 2024 (denied January 26, 2024, without prejudice to [Landlords'] "right to again raise this issue in the appellate brief"). [Landlords] again request that the Court dismiss the appeal, which outcome is justified by the many defects in [Tenant's] filings.

Upon review of [Tenant's] brief, this Court will note the absence of (1) a statement of jurisdiction, (2) the order or other determination in question, and (3) a statement of both the scope of review and the standard of review. *Cf.* Pa.R.A.P. 2111(a)(1), (2), (3), 2114, 2115. [Tenant's] Statement of the Questions Involved does not contain "an answer stating simply whether the court or government unit agreed, disagreed, did not answer, or did not address the question." [Tenant's] Br. at 1, *cf.* Pa.R.A.P. 2116(a). Towards the end, the brief does not include "a copy of the statement of errors complained of on appeal," as required by Pa.R.A.P. 2111(a)(11). Contrary to the mandate of Rule 2117, its Statement of the Case does not contain "the names of the judges or other officials whose determinations are to be reviewed," nor are the facts cited in its narrative statement supported by "an appropriate reference in each instance to the place in the record where the evidence substantiating the fact relied on may be found." [Tenant's] Br. at 2–9, *cf.* Pa.R.A.P. 2117 (a)(3), (5).[7]

Note 7: Rather than limiting the Statement of Facts in its Statement of the Case to a "closely condensed chronological statement, in narrative form, of all the facts which are necessary to be known in order to determine the points in controversy," as provided in Pa.R.A.P. 2117(a)(4), [Tenant's] brief dedicates nearly two pages . . . to the history of ownership and use of the property in the 19th and 20th centuries prior to [Landlords'] purchase in 2017. [Tenant's] Br. at 4–6. This history long predates either [Landlords'] ownership or [Tenant's] occupancy, has no bearing on the suit before this

> Court, and is outside the scope of "the facts which are necessary to be known." Pa.R.A.P. 2117(a)(4).
>
> Nor, indeed, is there even a reproduced record to which [Tenant] might cite[, because] it failed to meet its obligation to file a designation of reproduced record 30 days before its brief was due. Pa. R.A.P. 2154(a). [Tenant] similarly failed to file a reproduced record concurrently with filing its brief, in violation of its duties as appellant under Pa.R.A.P. 2186(a)(1). [It] filed no application for an extension, nor any application to be excused from filing a reproduced record in accordance with Pa.R.A.P. 2151(d).
>
> The brief additionally omits a certificate of compliance with the Case Records Public Access Policy of the Unified Judicial System of Pennsylvania, as mandated by Pa.R.A.P. 127(a). This Court also still awaits the filing of [Tenant's] docketing statement under Pa.R.A.P. 3517, which was due no later than September 8, 2023.
>
> [Tenant's] disregard for deadlines, court orders, and the Rules of Appellate Procedure resulted in the earlier dismissal of this appeal. Its current and ongoing failure to conform to the requirements of the Rules of Appellate Procedure again merits such a disposition. ***See Irwin Union Nat. Bank & Tr. Co. v. Famous***, 4 A.3d 1099, 1103 (Pa. Super. 2010) ("deficiencies in a brief" entitle this Court to "dismiss the appeal entirely or find certain issues to be waived. Pa.R.A.P. 2101.").
>
> Because [Tenant] has fallen so short of the obligations it undertook as an appellant, this Court should quash or dismiss its appeal.

Landlords' Brief at 13-15 (some punctuation and footnotes omitted).[2]

We adopt Landlords' cogent and correct application of the Pennsylvania

Rules of Appellate Procedure as the analysis of this Court. We only add that

Tenant – similar to all of its other filings in the trial court, the Supreme Court,

---

[2] We note Tenant filed no reply brief to rebut Landlords' renewed motion to dismiss its appeal.

and this Court – failed to include citations to any **_pertinent_** legal authority in support of the merits of the issue it raises on appeal. **_See_** Tenant's Brief at 13-15.

Under the Pennsylvania Rules of Appellate Procedure, an appellant must include "citation of authorities as are deemed pertinent" in the argument section of its brief. Pa.R.A.P. 2119(a). The failure to provide citations to pertinent authority results in wavier of the issue. "Where an appellant has failed to cite any authority in support of a contention, the claim is waived." **_Collins v. Cooper_**, 746 A.2d 615, 619 (Pa. Super. 2000).

Here, while Tenant begins its argument with the three-pronged test for opening a confession of judgment, Tenant thereafter offers no substantive law to support its so-called "meritorious defense" – namely, that it did not breach the lease. Such an argument requires support from cases regarding the law of contracts, such as cases concerning the rules of contract interpretation in general and commercial leases in particular.

Nowhere, in any of Tenant's plethora of filings before this Court, did it site one case, statute, or treatise regarding contract law. Tenant simply reiterates its conclusory interpretations of the lease and addenda. It makes no attempt to establish how the trial court erred, as a matter of contract law, when the trial court concluded that the lease unambiguously prohibited Tenant from conducting ghost tours or that the addenda required Tenant to pay $50,000 in additional rent, which Tenant never paid. Nor does it offer any support for the claim that the trial court abused its discretion by finding no

genuine issue of material fact to allow Tenant's proposed defense to proceed to trial.

Thus, even if we ignored all the aforementioned procedural missteps that Tenant made on appeal (and we do not), we would ultimately have to dismiss Tenant's sole appellate issue as waived. Tenant cited no legal authority to support its defense that it fulfilled its contractual obligations under the lease and the two addenda. *See Collins*, *supra*.

Landlords' Emergency Application to Dismiss Appeal granted.

Appeal dismissed.

Case stricken from the argument list.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 6/28/2024

- 11 -