J-S47011-23

2024 PA Super 152

| | | |
|---|---|---|
| FEDEX CORPORATE SERVICES, INC. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| COSTUME GALLERY, INC. | : | |
| | : | No. 1585 EDA 2023 |
| APPEAL OF: COSTUME GALLERY ASSOCIATES, LLC AND RADG HOLDINGS, LLC | : | |

Appeal from the Order Entered May 18, 2023
In the Court of Common Pleas of Bucks County
Civil Division at No:  2022-02761

BEFORE:   STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

OPINION BY STABILE, J.:                    **FILED JULY 22, 2024**

The parties in interest in this case, Costume Gallery Holdings, LLC and RADG Holdings, LLC (Appellants), contend that the Court of Common Pleas of Bucks County (trial court) abused its discretion in denying their petition to set aside a writ of execution, levy, and sheriff's sale.  According to Appellants, the writ and related levy are defective under Pa.R.C.P. 3106(d) because service of the writ and the levy were made over 90 days after the writ's issuance. Finding partial merit in Appellants' claims, we reverse the trial court's order denying their petition.

FedEx Corporate Services, Inc., the plaintiff in the underlying action and Appellee in this appeal (plaintiff/Appellee), commenced an action on June 17, 2022, against Costume Gallery, Inc. (defendant/judgment debtor).

_____

[*] Former Justice specially assigned to the Superior Court.

Plaintiff/Appellee did so by transferring a judgment in the amount of $544,508.75 from a federal court to the trial court.

On August 10, 2022, plaintiff/Appellee filed a "Praecipe for Writ of Execution" and a "Praecipe for Writ of Attachment Execution" with the Prothonotary of Bucks County. The two *praecipes* were included within one document. The first *praecipe* requested the issuance of a writ of execution to the Sheriff of Bucks County, directing the Sherriff to levy upon the personal property of defendant/judgment debtor. The second *praecipe* requested the issuance of a writ of attachment to the Sheriff, directing the attachment of all property of defendant/judgment debtor that was within the possession, custody, or control of Truist Bank, a named garnishee in the action.

The next day, on August 11, 2022, both Truist Bank and defendant/judgment debtor were served with the writs of execution and attachment, along with interrogatories. Truist Bank immediately served its answers to those interrogatories, indicating that it possessed no property belonging to defendant/judgment debtor, and on August 29, 2022, plaintiff/Appellee filed a *praecipe* to dissolve the attachment as to Truist Bank.

Plaintiff/Appellee later identified personal property it believed to be owned by defendant/judgment debtor located in an office suite of the 7th floor of a building at 925 Canal Street in Bristol, Pennsylvania. Accordingly, on November 29, 2022, the Sheriff levied upon various items of personal property at that address and scheduled a sale of the property to be held on December 28, 2022.

On December 14, 2022, Appellants filed a petition to set aside the writ of execution, the levy, and the sheriff's sale. As non-parties to the litigation at hand, Appellants based their standing on Pa.R.C.P. 3132, which permits "any party in interest" to petition the trial court to set aside a sheriff's sale of personal property "upon proper cause shown"; additionally, Appellants cited Pa.R.C.P. 3121(b), which permits a court to stay execution of a judgment where "any party in interest" shows "a defect in the writ, levy or service[.]" Similarly, "any party in interest" may seek to set aside a writ, service or levy due to a defect therein. Pa.R.C.P. 3121(d)(1).[1]

The defects identified by Appellants related to the requirements of Pa.R.C.P. 3106(d), which states that a writ cannot be served, and a levy or attachment cannot be made, on a date more than 90 days after the writ was issued. It followed from their interpretation of the rule that since the writ of execution here was issued on August 10, 2022, and it was served pursuant to the levy over 90 days later, on November 29, 2022, the writ and levy were defective. *See* Petition to Set Aside Writ of Execution, Levy, and Sheriff's Sale With Request for Stay of Proceedings, 12/14/2022, at ¶¶ 10-14.

On December 21, 2022, plaintiff/Appellee filed a response to the petition, denying that the writ was defective. As to the timeliness of service,

_____

[1] Several exhibits purporting to establish Appellants' ownership of the personal property located at 925 Canal Street, Bristol Pennsylvania, were attached to the Brief in Support of Appellants' petition. These exhibits included a bill of sale, a leasing agreement, and financial statements establishing their ownership interests in the property. Plaintiff/Appellee denied Appellants' ownership, but none of their evidence was rebutted.

plaintiff/Appellee emphasized that a bank attachment had been made under the writ, both of which were served on August 11, 2022, a date well-within the 90-day window afforded by Rule 3106(d). Plaintiff/Appellee noted that where a "levy or attachment has been made under the writ within the ninety-day period it shall remain valid . . . for the purpose of completing the pending execution proceeding under the levy or attachment." Pa.R.C.P. 3106(d).

On May 18, 2023, the trial court entered an order denying Appellants' petition to set aside the writ, levy, and sheriff's sale. Appellants timely appealed, and the trial court filed an opinion in accordance with Pa.R.A.P. 1925(a), giving the reasons why the order denying the petition should be affirmed. *See* Trial Court 1925(a) Opinion, 7/24/2023, at 3-5.

The trial court first found that the service of the writ of execution, and the levy upon personal property, were timely executed in accordance with Rule 3106. As an alternative ground for affirmance, the trial court stated that Appellants lacked standing to challenge the writ of execution because they had not complied with Pa.R.C.P. 3202, which requires that "a claim to tangible personal property levied upon pursuant to a writ of execution shall be in writing . . . and shall be filed with the sheriff prior to any execution sale of the property claimed." *See id*., at 5.

In their brief, Appellants now raise a single issue, asserting that their petition to set aside should have been granted as a matter of law because the service deadline was November 8, 2022 (90 days after the date on which the

writ of execution was issued), and service did not take place until the levy was untimely made on November 29, 2022.

An order denying a petition to set aside or stay a writ of execution is an interlocutory order that is appealable as of right. **See** Pa.R.A.P. 311(a)(2); **see also Foulke v. Lavelle**, 454 A.2d 56, 58 (Pa. Super. 1982) (same). On review of such an order, we give great deference to the trial court's determinations and apply an abuse of discretion standard. **See Anmuth v. Chagan**, 485 A.2d 769, 771 (Pa. Super. 1984). But when the issue before us involves "the proper interpretation of the language of our rules of civil procedure," the question is a pure matter of law, and "our standard of review is *de novo*." **Bruno v. Erie Ins. Co.**, 106 A.3d 48, 73 (Pa. 2014).

"The object of all interpretation and construction of rules is to ascertain and effectuate the intention of the Supreme Court." Pa.R.C.P. 108(a). "Every rule shall be construed, if possible, to give effect to its provisions. When the words of a rule are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." Pa.R.C.P. 108(b).

The central dispute in this appeal concerns the parties' conflicting interpretations of Pa.R.C.P. 3106(d). This rule provides as follows:

> A writ shall not be served nor shall a levy or attachment be made thereunder after the expiration of ninety days from the date of issuance or reissuance. After levy or attachment has been made under the writ within the ninety-day period it shall remain valid without further reissuance for the purpose of completing the pending execution proceedings under the levy or attachment.

Pa.R.C.P. 3106(d).

- 5 -

Appellants focus on the first part of the rule, which prohibits (a) the service of a writ, and (b) a levy or attachment made thereunder, if made over 90 days from the date that the writ was issued. *See id*. Appellants assert that the writ "served on November 29, 2022 and the Levy upon it were defective by operation of law" because it had been over 90 days since the writ of execution was issued on August 10, 2022. Appellant's Brief, at 5.

Plaintiff/Appellee points out in response that the writ of execution was served on defendant/judgment debtor on August 11, 2022, just a day after its issuance. Further, plaintiff/Appellee highlights the second part Rule 3106(d), which dispenses with the 90-day period where a levy or attachment has been made under the writ within 90 days of the writ's issuance. Based on that provision, plaintiff/Appellee suggests that the service of the writ and the attachment on both defendant/judgment creditor and the garnishee, Truist Bank, qualified as a "levy or attachment . . . made under the writ within the ninety-day period," making it unnecessary for the writ of execution to be reissued until any and all subsequent execution proceedings had terminated.

We agree with plaintiff/Appellee that the writ of execution was timely served on defendant/judgment creditor on August 11, 2022. However, the levy as to personal property on November 29, 2022, was made on a date outside of the 90-day window afforded by Rule 3106(d). For that levy to be valid as of November 29, 2022, it had to have been made within 90 days of the writ's issuance date of August 10, 2022. It was not.

While a bank attachment under the writ of execution was made by plaintiff/Appellee on August 11, 2022, that particular proceeding concerned assets ostensibly held by the garnishee, Truist Bank, and *not* the personal property allegedly owned by Appellants. The second part of Rule 3106 only made the writ of execution valid beyond the 90-day period for the purpose of allowing plaintiff/Appellee to complete the pending execution proceedings *under the bank attachment*.

It is undisputed that the attachment as to the garnishee, Truist Bank, was dissolved on August 29, 2022, and the execution proceedings for the bank attachment were terminated on that date. As of November 8, 2022, the final day of the 90-day window beginning on August 10, 2022, there were no longer any pending proceedings concerning the writ of execution.

It was not until November 29, 2022, that the *levy on personal property* was made. Since this did not occur within 90 days of the issuance of the writ of execution, the levy was invalid. The fact that plaintiff/Appellee began (ultimately fruitless) attachment proceedings within the 90-day window did not authorize the continuous prosecution of the writ by separate means, with respect to different property, and for an indefinite period of time thereafter.[2]

_____

[2] The logical consequence of plaintiff/Appellee's position is that once the writ of execution and the bank attachment were served on August 11, 2022, plaintiff/Appellee then had an open-ended amount of time to execute the judgment by any other means. Such an interpretation of Rule 3106(d) would be at odds with its plain language, which prohibits "a levy or attachment [to] be made [under a writ of execution] after the expiration of ninety days from

*(Footnote Continued Next Page)*

Thus, the trial court erred as a matter of law in denying Appellants' petition to set aside because, as to the levy on personal property, the writ of execution was no longer valid at the time those proceedings began.

We now turn to the issue of Appellants' standing to request the setting aside of the writ and the sheriff's sale. The trial court adopted the position of plaintiff/Appellees that Appellants had failed to follow the proper procedures for asserting a claim to the personal property subject to the levy. *See* Trial Court 1925(a) Opinion, 7/24/2023, at 5. More specifically, Appellants did not file a property claim with the sheriff pursuant to the Rules of Sheriff Interpleader. *See* Pa.R.C.P. 3201-3216.

As stated in Pa.R.C.P. 3201, this set of rules governs the procedure "when tangible personal property levied upon pursuant to a writ of execution is claimed to be the property of a person other than the defendant in the execution." And under Pa.R.C.P. 3202, "[a] claim to tangible personal property levied upon pursuant to a writ of execution shall be in writing" and filed with the sheriff prior to the sale.

In our reading of the applicable procedural rules, Appellants had standing to obtain the form of relief they sought (setting aside the writ, levy, and the sheriff's sale), and it was not necessary for them to utilize the procedures for making a property claim with the sheriff. Appellants certainly

_____

the date of issuance or reissuance." Again, the bank attachment on the named garnishee was distinct from the subsequent levy on personal property, which was not made until after 90 days from the date of the writ's issuance had elapsed. *See generally* Pa.R.C.P. 108(a), (b). This made the levy untimely.

insisted that the personal property subject to the levy belonged to them, but they were primarily seeking to set aside the writ based on procedural defects and then preclude the sheriff's sale on those grounds. They were not asking the sheriff to determine a claimant's title to that property or otherwise resolve a dispute over ownership.[3]

With respect to the remedies of setting aside the writ and the sheriff's sale, Appellants had recourse through Pa.R.C.P. 3121(d), which enables "any party in interest" to petition the trial court to "set aside the writ, service or levy" based on "a defect therein" or "upon any other legal or equitable ground therefor." **See also** Pa.R.C.P. 3132 (allowing "any party in interest" to have a sheriff's sale set aside "upon proper cause shown.").[4]

These provisions granted Appellants standing to challenge the sale of the property subject to levy under the writ of execution; were we to find otherwise, it would run counter to the plain language of our Supreme Court's procedural rules. **See e.g.**, **Merrill Lynch Mortg. Cap. v. Steele**, 859 A.2d 788, 790 (Pa. Super. 2004) (holding that Appellant, a party in interest, had

---

[3] Conversely, it would not have been proper for the sheriff to adjudicate the issue of whether there were defects in the writ of execution and the levy, as this was a pure matter of law for the trial court to resolve.

[4] "A party has standing if he is aggrieved, *i.e.*, he can show a substantial, direct, and immediate interest in the outcome of the litigation." **Merrill Lynch Mortg. Cap. v. Steele**, 859 A.2d 788, 790 (Pa. Super. 2004). A party's standing to set aside a sheriff's sale has been equated with the requirement of Pa.R.C.P. 3132 that the individual seeking that remedy be a "party in interest." **Id**. Appellants in this case have submitted uncontroverted evidence that they have an interest in the property subject to the levy and the sheriff's sale. As such, they are entitled to avail themselves of that rule. **See id**.

standing to challenge sheriff's sale because the "express language" of Rule 3132 permitted it where "the record establishes that Appellant had a real, substantial, and direct interest in ensuring that her property was not deeded by the sheriff to a third party.").

Finally, we note that our disposition is not impeded by the manner in which Appellants challenged the trial court's denial of their petition to set aside the writ of execution, levy, and sheriff's sale. Contrary to the dissent's concerns, Appellants adequately preserved the issue of standing for review. They asserted in their 1925(b) statement that the trial court erred as a matter of law in denying their petition to set aside because Pa.R.C.P. 3121(d) afforded them the right to that relief as undisputed "parties in interest." In the first sentence of the argument section of their brief, Appellants also stated that their "standing" to file the petition was governed by Rule 3121(d). *See* Appellants' Brief, at 5. This was consistent with their claims before the trial court.

We found merit in Appellant's interpretation of Rule 3121, agreeing that its plain language allows any party in interest to petition for the setting aside of a writ of execution based on defects therein. The fact that Appellants omitted reference to a potentially relevant authority cited by plaintiff/Appellee and the trial court (Rule 3202 (sheriff interpleader)) does not mean that Appellants completely waived the issue of standing for lack of preservation. Again, they argued that they had properly availed themselves of the remedies outlined in Rule 3121(d).

Under Pa.R.A.P. 2116(a), a "[1925(b)] statement will be deemed to include every subsidiary question fairly comprised therein . . . or fairly suggested thereby." In line with Rule 2116(a), appellate courts have the "authority to *sua sponte* address arguments which are clearly implicated in the cases before us." ***Freed v. Geisinger Med. Ctr.,*** 5 A.3d 212, 216 (Pa. 2010).

Whether Appellants had standing to seek relief exclusively under Rule 3202 was clearly a subsidiary question to the one that Appellants directly posed in this case. Since the issue of standing was before us, this Court was free to clarify why Rule 3202 was not applicable upon determining that Appellants had correctly proceeded under Rule 3121. Thus, because Appellants had standing to seek the type of relief they sought, and their grounds were meritorious, the trial court's order denying their petition cannot be upheld.[5]

Order vacated. Case remanded. Jurisdiction relinquished.

Judge Stevens joins the opinion.

---

[5] The dissent presumes that Appellants are foreclosed from prevailing in this case because they did not specifically challenge the trial court's determination regarding Rule 3202, making that portion of the order on review binding. But this does not logically follow. We held that the trial court erred in denying Appellants' petition to set aside the writ of execution under Pa.R.C.P. 3121(d) because they are parties in interest and the writ was defective. It is implicit in that holding that Appellants were not required to proceed under any other rule. Even assuming that Appellants waived a challenge to the subsidiary issue of standing under rule 3202, our disposition as to Rule 3121 would still control. Our holding therefore moots the trial court's alternative basis for affirmance – not the other way around, as the dissent contends.

Judge Kunselman files a dissenting opinion.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/22/2024