2024 PA Super 152

| | | |
|---|---|---|
| FEDEX CORPORATE SERVICES, INC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| COSTUME GALLERY, INC. | : | |
| | : | |
| APPEAL OF:  COSTUME GALLERY | : | |
| ASSOCIATES, LLC AND RADG | : | |
| HOLDINGS, LLC | : | No. 1585 EDA 2023 |

Appeal from the Order Entered May 18, 2023
In the Court of Common Pleas of Bucks County Civil Division at No(s):
2022-02761

BEFORE:   STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

DISSENTING OPINION BY KUNSELMAN, J.:          **FILED JULY 22, 2024**

I respectfully dissent.  Two companies, Costume Gallery Associates, LLC and RADG Holdings, LLC, are Third Parties to this case.  They appeal from an order denying their petition to set aside FedEx Corporate Services, Inc.'s Writ of Execution, Levy, and Sheriff's Sale against named-Defendant, Costume Gallery, Inc.  The Majority *sua sponte* raises the issue of the Third Parties' standing and reverses the trial court's ruling that the Third Parties' failure "to follow the proper procedures for asserting a claim to the personal property subject to the levy" deprived them of standing.  Majority Opinion at 8 (citing Trial Court Opinion, 7/24/23, at 5).  However, the Third Parties did not raise or argue that issue on appeal.  As such, I would affirm the trial court's order.

On April 6, 2022, FedEx secured a default judgment against Costume Gallery in federal court.  A few months later, it transferred that judgment to

_____

[*] Former Justice specially assigned to the Superior Court.

the trial court and, on August 10, 2022, praeciped the Prothonotary of Bucks County to issue a writ of execution and attachment. The praecipe was two paragraphs long. The first paragraph, "Praecipe for Writ of Execution," sought a levy on Costume Gallery's cash on hand, accounts receivable, and personalty; the second paragraph, "Praecipe for Writ of Attachment Execution," directed to Truist Bank, as garnishee, sought any of Costume Gallery's property that the bank held.

The next day, the sheriff served the Writs of Execution and Attachment, along with a set of interrogatories, upon Truist Bank and Costume Gallery. On August 18, 2022, the bank replied that it possessed no money or property belonging to Costume Gallery. Thus, FedEx praeciped to "discontinue the above-captioned matter against Truist, Garnishee, **ONLY**, without prejudice" and served a copy of the discontinuance on Costume Gallery. Praecipe to Discontinue at 1 (emphasis in original).

Two months later, on November 29, 2022, the sheriff levied several pieces of personal property at 925 Canal Street, Building 3, Floor 7, in Bristol, Pennsylvania. FedEx believed the personalty belonged to Costume Gallery. The sheriff set a date of December 28, 2022 to sell the levied personalty. Before the sale occurred, the Third Parties filed a Petition to Set Aside the Writ of Execution, the Levy, and the Sheriff's Sale under Pa.R.C.P 3121(b).

The Third Parties offered two grounds for setting aside the Writ. First, they claimed the sheriff untimely levied the personalty, because the levying occurred more than 90 days after issuance of the Writ of Execution. Second,

the Third Parties contended that they, rather than the Defendant, Costume Gallery, owned the levied personalty. Thus, they claimed to be the real parties in interest and the levied personalty was therefore exempt from execution.

FedEx filed a response opposing the petition on two grounds. FedEx claimed the sheriff properly levied the personalty, because his attachment at the bank and initial service of the Writs of Execution upon Costume Gallery occurred within the 90 days required under Pa.R.C.P. 3106(d). In FedEx's view, service of the Writs upon the bank and Costume Gallery tolled the clock for the sheriff to levy the personalty at 925 Canal Street any time thereafter.

FedEx also explicitly challenged the Third Parties' standing. *See* FedEx's Response to Petition at 1. FedEx contended the "proper mechanism for a third party to make an ownership claim to property that [the sheriff has] levied upon is by filing a property claim, as set forth in Pa.R.C.P. 3202 and not by filing a petition as a non-party to the action." *Id.* at 2. FedEx asserted the question of whether the Third Parties owned the levied personalty must originally "be determined by the sheriff and then potentially appealed by either party in an interpleader," where the party claiming ownership would have the burden of proof. *Id.* at 3.

The trial court stayed the sheriff's sale, pending its disposition of the petition. The Third Parties filed a brief reiterating their claims in the petition. Notably absent from the brief was any response to FedEx's claim that the Third Parties lacked standing pursuant to Pa.R.C.P. 3202.

Three weeks later, FedEx filed a responsive brief and argued that the Third Parties lacked standing, because they failed to raise the question of who owned the levied property under Pa.R.C.P. 3202. According to FedEx's trial-court brief:

> [The Third Parties] claim that the Writ should be set aside under Pa.R.C.P. 3121(d)(2), because the property is exempt or immune, must also fail. The appropriate avenue for the [Third Parties] to bring the argument that they are asserting here is by filing a property claim under Pa.R.C.P. 3202. There is a substantial distinction between property that is exempt and/or immune from execution and property of a third party. [The Third Parties are] relying on a rule relating to exemption and immunity, when they truly are seeking to have a sheriff determine that [Costume Gallery] is not the owner of the property that is levied upon. As such, their misplaced reliance must result in the petition being denied.
>
> A property claim is the exclusive avenue for a third party to enforce its rights to property that has been levied upon which is not owned by the defendant. "A claim to tangible property levied upon pursuant to a writ of execution **SHALL** be in writing and **SHALL** be filed with the sheriff prior to any execution sale of the property claimed." Pa.R.C.P. 3202 (emphasis added). "Within ten days after the claim is filed the sheriff shall, with or without formal hearing, determine whether the claimant is *prima facie* the owner of the property in whole or part." Pa.R.C.P. 3204. Either party is allowed to object to the sheriff's ruling which would result in an interpleader. "Upon the filing of the objection an interpleader shall be at issue in which the claimant shall be the plaintiff and all other parties in interest shall be defendants. The only pleading shall be the claim, all averments of which shall be denied." Pa.R.C.P. 3206. This is an important distinction. It puts the burden of proof on the claimants, who would be the [Third Parties] in this case. This action is entirely distinct from a claim for exemption or immunity.
>
> Exemptions and immunity from execution are discussed separately in Pa.R.C.P. 3123 and 3123.1. These rules set forth specific property and types of property that are exempt and/or immune from execution. They are listed as exemptions under

- 4 -

Pennsylvania Law and exemptions under Federal Law as the note to Pa.R.C.P. 3123.1 [enumerates]. There is no mention in the list or in the Pennsylvania or Federal statutes that it references to property that is held by parties who are not the defendant.

The reason for this, as stated above, is that the exclusive remedy for those third parties is to file a property claim. The rules of statutory construction tell us that when you have one rule or statute that is specific to a situation, we should not create a conflict with another rule that is not specific to apply. The [Third Parties'] attempt to add a third-party property claim to a rule that clearly states exemptions or immunity, which are defined in other rules, is improper and directly conflicts with the rules of statutory construction. Since this property claim doesn't fall under Pa.R.C.P, 3121 (d)(2), the Petition to Set Aside the Writ should be denied.

FedEx's Memorandum of Law at 3-5 (emphasis added by FedEx, some punctuation and capitalization omitted).

Because neither party requested oral argument, the trial court decided the petition based on the filings and briefs of record. On May 18, 2023, the trial court issued an order denying the petition. This timely appeal followed, and the trial court issued a Pa.R.A.P. 1925(a) Opinion.

In that opinion, the trial court explained that it denied the Third Parties' petition, because it adopted **both** of FedEx's legal theories. First, the court opined the sheriff's levy was timely, because "the attachment accompanying the writ of execution allowed for the levy to be served beyond 90 days." Trial Court Opinion, 7/24/23, at 3. Second, and importantly to this appeal, the trial court also agreed with FedEx that, in order to acquire standing, the Third Parties needed to comply with Pa.R.C.P. 3202.

Regarding Rule 3202, the trial court opined that:

> [the Third Parties] failed to follow the appropriate procedures to raise their claims in this cause of action as it is currently captioned. The proper mechanism for [the Third Parties] to have challenged the Writ/Service/Levy was pursuant to Pennsylvania Civil Procedure Rule 3202, which provides: "a claim to tangible personal property levied upon pursuant to a writ of execution shall be in writing and shall be filed with the sheriff prior to any execution sale of the property claimed." Pa.R.C.P. 3121(a). Pursuant to this Rule, the appropriate course of action would have been for [the Third Parties] to raise a claim for the Personal Property pursuant to Rule 3202, which they did not do. As such, even in the event the Superior Court determines that this Court erred in denying the Petition to Set Aside the Writ based on a procedural defect [in the Writ], the error is harmless in that [the Third Parties] failed to properly assert their rights as Parties-In-Interest in this matter.

Trial Court Opinion, 7/24/23, at 5 (some punctuation omitted).

In other words, the trial court ruled that the Third Parties filed the wrong type of petition. In the trial court's view, they needed to assert their alleged ownership of the personalty with the sheriff in a different form. Instead, the Third Parties challenged the sheriff's levy under Pa.R.C.P. 3123.1, claiming that the property was exempt or immune. According to the trial court, that Rule gives named defendants grounds to challenge the levy of their property, but third parties do not have standing to claim exemption or immunity from levy. Rather, the Third Parties were challenging the ownership of the levied property and needed to comply with Rule 3202.

On appeal, the Third Parties do not raise the trial court's ruling that they lacked standing under Pa.R.C.P. 3202 as grounds for reversible error. Indeed, as the Majority acknowledges, the Third Parties "raise a single issue, asserting that their petition to set aside should have been granted as a matter of law

because the service deadline was November 8, 2022 (90 days after the date on which the writ of execution was issued), and service did not take place until the levy was untimely made on November 29, 2022." Majority Opinion at 4-5; *see also* Third Parties' Brief at 2. Thus, whether the trial court was correct in its analysis of Pa.R.C.P. 3202 is not before us in this appeal. In fact, Rule 3202 – one of two independent bases for the trial court's denial of the petition – does not even appear in the Third Parties' appellate brief. *See* Third Parties' Brief, Table of Citations, at ii. Nevertheless, my learned colleagues in the Majority raise the issue of the Third Parties' standing under Pa.R.C.P. 3202 *sua sponte* and reverse the trial court's alternative basis for denying the petition.

The Majority cites no authority for the proposition that this Court may address a trial court's ruling on standing *sua sponte*. The Supreme Court of Pennsylvania has repeatedly held that "the matter of standing is not available to be raised by a court *sua sponte*." ***Rendell v. Pennsylvania State Ethics Comm'n***, 983 A.2d 708, 717 (Pa. 2009). "Therefore, the issue of standing cannot be raised *sua sponte* and is waived if not properly raised." ***In re Duran***, 769 A.2d 497, 501 n.2 (Pa. Super. 2001).

Generally, under the Rules of Appellate Procedure, appellants have the obligation to raise appellate issues, or they are waived.[1] Even if issues are

---

[1] "The issue of waiver presents a question of law, and, as such, our standard of review is *de novo*, and our scope of review is plenary." ***Trigg v. Children's Hosp. of Pittsburgh of UPMC***, 229 A.3d 260, 269 (Pa. 2020).

raised, appellants also have the obligation to develop a cogent and complete argument on each, specific issue for this Court to grant them appellate relief. Such procedural obligations preserve the adversarial system of justice and restrain appellate courts to the adjudicator role.

When drafting an appellate brief, the appellant must identify all waivable appellate issues in the statement of questions involved. "The statement of the questions involved must state concisely the issues to be resolved . . . **No question will be considered** unless it is stated in the statement of questions involved or is fairly suggested thereby." Pa.R.A.P. 2116(a) (emphasis added). Hence, this Court "will not ordinarily consider any issue if it has not been set forth in or suggested by an appellate brief's statement of questions involved . . . ." **Krebs v. United Ref. Co. of Pennsylvania**, 893 A.2d 776, 797 (Pa. Super. 2006). In such instances, we dismiss any unraised issue as waived. **See id.**

Moreover, even where an issue appears in the statement of questions involved, the argument portion of the appellant's brief must develop a full analysis of that issue in order to permit appellate review. "The argument shall be divided into as many parts as there are questions to be argued; and shall . . . [include] such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). "When an appellant's argument is underdeveloped, we may not supply it with a better one. In such situations, we shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument; instead, we will deem the

issue to be waived." ***Commonwealth v. Pi Delta Psi, Inc.***, 211 A.3d 875, 884–85 (Pa. Super. 2019), *appeal denied*, 221 A.3d 644 (Pa. 2019) (some punctuation omitted).

Here, with respect to the trial court's ruling that the Third Parties lacked standing because they failed to petition the sheriff under Pa.R.C.P. 3202, the Third Parties waived any claim of error regarding that ruling. They failed to raise such a claim in their statement of questions involved, and they made no argument that the trial court misapplied Pa.R.C.P. 3202 in dismissing their petition. Again, I observe that the Third Parties' Brief does not mention Rule 3202, much less provide an analysis concerning the trial court's interpretation of it. Thus, the Third Parties offer no authority to suggest that the trial court misapplied Rule 3202. ***See*** Pa.R.A.P. 2119(a).

Despite these clear commissions of waiver, the Majority raises the issue of whether the trial court erroneously determined that the Third Parties lacked standing under Pa.R.C.P. 3202 *sua sponte*. In doing so, I believe the Majority mistakenly provides the Third Parties with a complete appellate argument on an issue they neither raised nor argued on appeal. Under our precedents, I respectfully suggest the Third Parties have waived the issue of whether they violated Rule 3202 when the court dismissed the petition on that alternative basis. ***See Krebs***, ***supra***; ***see also Pi Delta Psi***, ***supra***.

Additionally, because the Third Parties neglected to challenge the trial court's ruling that they lacked standing, I find that the sole issue they raised on appeal is moot.

"It is well established in this jurisdiction that [appellate courts] will not decide moot questions." *In re Gross*, 382 A.2d 116, 119 (Pa. 1978). An issue becomes moot when, due to some change in the circumstances of the case or the law, it is "impossible to grant relief by deciding the issue . . . ." *Id.* at 120.

The trial court denied the Third Parties' petition on the grounds that they lacked standing to challenge the Writs and levy, because they did not file a petition with the sheriff under Pa.R.C.P. 3202. Because the Third Parties did not appeal that ruling and instead waived it, the trial court's lack-of-standing determination is, in my mind, final. Given that the Third Parties lack standing, this Court may not "grant [them] relief by deciding the issue" that they raise on appeal. *Gross*, 382 A.2d at 120. Hence, that issue is moot. *See id.*

Simply stated, a party without standing is not entitled to appellate relief.

In sum, the Majority erroneously addresses the issue of the Third Parties' standing *sua sponte*; the Third Parties neither raised nor briefed that issue. It is waived and may not serve as grounds for reversal. Further, the Third Parties' lack of standing moots the appellate issue that they raised and briefed. Because the Majority reverses the trial court's order based on waived and moot issues, I respectfully dissent.